PER CURIAM.
This matter is before us on petition of the Florida Board of Bar Examiners for amendment of the Florida Supreme Court Bar Admission Rule, article III, section 4. We have jurisdiction. Art. V, § 15, Fla. Const. Notice of the Board’s petition and of oral argument was published in the Florida Bar News, inviting responses thereto.
We adopt the amendments appended to this order effective upon filing.* We decline to adopt the Board’s proposal that the record of any applicant who appeals the Board’s failure to recommend admission to the Bar be made public. Little, if anything, would be gained from such a rule, and much could be lost.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
Section 4.a. Any applicant who is dissatisfied with the Board’s recommendation concerning his or her character, fitness or general qualifications, may, within sixty (60) days after notice of the Board’s recommendation, file with the Board a petition for reconsideration with a fee of $60.00 as specified under the provisions of Article V, Section 10. The petition must contain new and additional matter which the Board has not previously considered. Only one such petition for reconsideration may be filed.
b. Any applicant or student registrant who is dissatisfied with the Board’s recommendation concerning such applicant’s or registrant’s character and fitness may file an appropriate petition with the Clerk of the Supreme Court of Florida, within a period of sixty (60) days after receipt of the Board’s recommendation. A copy of such petition shall be served upon the Executive Director of the Board. Upon receipt of such petition, the Executive Director shall place the record of the formal hearing with the Supreme Court, and such Justice or Justices thereof as shall be designated by the ■Chief Justice- may intervie'w-and-hear such applicant or student-registrant and make-such inquiry of the Board and-o-thers as shall be necessary to a decision-as-te and the Court shall decide whether such applicant or student registrant meets the character and fitness requirements. The Justice or-Justices so-designated shall-make a recommendation to the Court and the final action of the Court shall be duly entered in the minutes thereof.
c. An applicant who has been refused a favorable recommendation by the Board through the filing of Findings of Fact and Conclusions of Law which has not been reversed by the Supreme Court of Florida shall not be eligible for admission to any subsequent administration of any part of the Florida Bar Examination until such applicant receives a favorable recommendation by the Board or a favorable decision by the Supreme Court of Florida as to character and fitness; provided, however, that any such applicant who received a passing score on any part of the Florida Bar Examination administered .prior to the filing of the Board’s Findings of Fact and Conclusions of Law shall be entitled to *1385 retain that passing status for the applicable part for the time period provided under Article VI, Section 9.
Crd. Any applicant who has been refused a favorable recommendation by the Board or any applicant or student registrant who has proceeded through the provisions of subsection b. above and is the recipient of final action by the Supreme Court of Florida either denying an applicant’s admission or finding a student registrant to be unfit for admission may, within a period of not less than after two calendar years from the date the Board delivered its adverse finding, or-from the date the-Cour-t entered such final action, whichever is la-tery file an appropriate petition with the Clerk of the Supreme Court of Florida in an attempt to show sufficient rehabilitation to warrant a review of the Board’s findings or the re-evaluation by the Court of its final action. The Court shall fix all investigative costs to be borne by the petitioner and remitted to the Florida Board of Bar Examiners, which Board shall serve as the Court’s investigative arm in such matters. In issuing a judgment adverse to an applicant or student registrant,Pthe Court shall fix the date after which subsequent petitions may be filed with the Court.
e. Any applicant or student registrant who, in any formal hearing held in response to specifications pursuant to Article III, Section 3a or in any proceeding held before the Board pursuant to Article II, Section 5 or Article III, Section 4e, affirmatively asserts rehabilitation from prior conduct which bears adversely upon such person’s character and fitness for admission to the Bar shall be required to produce clear and convincing evidence of such rehabilitation including, but not limited to the following elements:
(1) Strict compliance with the specific conditions of any disciplinary, judicial, administrative or other order, where applicable.
(2) Unimpeachable character and moral standing in the community.
(3) Good reputation for professional ability, where applicable.
(4) Lack of malice and ill feeling toward those who by duty were compelled to bring about the disciplinary, judicial, administrative or other proceeding.
(5) Personal assurances, supported by corroborating evidence, of a desire and intention to conduct one’s self in an exemplary fashion in the future.
(6) Restitution of funds or property, where applicable.
(7) Positive action showing rehabilitation by such things as a person’s occupation, religion, community or civic service. Merely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society. The requirement of positive action is appropriate for applicants for admission to the bar because service to one’s community is an implied obligation of members of the bar.

 Added language is underlined, deleted language is lined out-