534 So.2d 1142 (1988)
THE FLORIDA BAR, Complainant,
v.
Steven M. GREENBERG, Respondent.
No. 69987.
Supreme Court of Florida.
October 20, 1988.
Rehearing Denied January 12, 1989.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Bar Counsel and Kevin Tynan, Co-Bar Counsel, Miami, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
This proceeding is before the Court on the petition of The Florida Bar and the cross-petition of Steven Greenberg for review of the referee's report in this disciplinary action. The respondent, Steven Greenberg, was convicted of two felony drug offenses in federal court and, as a result, was suspended by this Court. That conduct is the subject of this proceeding. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee made the following findings of fact:
1. That Respondent was named as a principal and co-conspirator in a Federal Indictment filed in the United States District Court, Northern District of Indiana, Hammond Division in Case No. H-CR-83-36.
2. That the indictment alleged, inter alia, Respondent's complicity and involvement in committing offenses against the United States of America, to wit: conspiracy to import a controlled substance (marijuana); and conspiracy to distribute and possess with intent to distribute a controlled substance (marijuana); all in violation of Title 21, United States Code, sections 952(a), 963, 841(a)(1) and 846.
3. That on or about June 25, 1985, Respondent was adjudicated guilty after a jury verdict as to one (1) count of conspiracy to import a controlled substance (marijuana) in violation of Title 21, United States Code, sections 952(1) and 963; and one (1) count of conspiracy to distribute a controlled substance (marijuana) in violation of Title 21, United States Code, sections 841(a)(1) and 846.
4. That Respondent was sentenced to serve two (2) years imprisonment as to each count, said sentences to run concurrently.
The referee then made the following disciplinary recommendation:
"[T]hat Steven Greenberg be disbarred from the practice of law for a period of three years to run retroactively from the date of his felony suspension (July 23, 1985). I have considered the fact that a disbarment in this state is not permanent. Mr. Greenberg may reapply for admission after three years have expired.

*1143 The Bar urges imposition of a five-year disbarment under the Rules Regulating The Florida Bar which became effective January 1, 1987. This disciplinary proceeding was pending long before that date. I recommend that the Court reject the Bar's position. .. .
In conclusion, I believe that the proposed disposition strikes a balance between fairness to the Respondent and the necessity of justice for the public whose trust he violated."
We reject Greenberg's assertion that the discipline should be reduced to suspension. His conduct clearly requires disbarment.
Greenberg was found guilty of criminal acts charged on June 24, 1985, and was suspended by this Court on July 23, 1985. The Bar's complaint and hearing before the referee occurred after the new rules became effective January 1, 1987. Under rule 3-5.1(f), effective January 1, 1987, a disbarred attorney may seek admission to the Bar after five years have expired. We agree with the Bar that, since Greenberg's case was pending subsequent to January 1, 1987, the rules adopted effective that date, including the five-year provision, apply to this case. We do, however, accept the referee's recommendation that the disbarment be effective nunc pro tunc as of the date of our suspension of the respondent.
Accordingly, we adopt the referee's findings of fact, but modify his recommendation to disbar Steven M. Greenberg from the practice of law in Florida effective July 23, 1985. Under the applicable rules, he may reapply for admission to the Bar five years after that date. Judgment for costs in the amount of $881.55 is assessed against Greenberg, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.