540 So.2d 121 (1989)
THE FLORIDA BAR, Complainant,
v.
Robert Stephen RYDER, Respondent.
No. 72216.
Supreme Court of Florida.
March 16, 1989.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
John A. Weiss, Tallahassee, for respondent.
*122 PER CURIAM.
This disciplinary proceeding is before the Court on petition for review by The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report of the referee and disbar respondent without leave to reapply for five years in accordance with Rule 3-5.1(f) of the Rules Regulating The Florida Bar.
The pertinent facts demonstrate that Ryder was indicted by the federal grand jury in June, 1987, on four felony counts of perjury in connection with his sworn testimony before the grand jury and in a trial before the United States District Court, Middle District of Florida, Ocala Division. Ryder was found guilty by a jury of the first three counts of the indictment, and on January 18, 1988, he was sentenced to three concurrent terms of eighteen months with six months to be served in prison to be followed by twelve months probation with the special condition that he contribute five hours of community service each week.
Notice of felony conviction was filed and Ryder responded by filing a petition to terminate or modify the proposed suspension and for appointment of a referee. This Court denied Ryder's petition on April 28, 1988, and automatically suspended him, pursuant to Rule 3-7.2(e) of the Rules of Discipline, effective May 31, 1988. Following the final hearing, the referee recommended that Ryder be found guilty of violation of Integration Rules 11.02(3)(a) and (b), and Disciplinary Rules 1-102(A)(3)-(6) and that he be disbarred from the practice of law. In reaching that conclusion, the referee stated:
A. The crime of perjury involves an intentional interference with the very system and process we at the Bar are sworn to serve and uphold. Such an offense must be sternly and positively denounced in every instance, but when committed by a member of the Bar the crime is greater, and the punishment must be greater. We must avoid in every instance the impression that "we protect our own" when dealing with such intrinsic threats to our courts and our system of justice.
B. There are no aggravating circumstances that should affect the punishment here.
C. The only mitigation circumstances are the character and reputation evidence presented by the witnesses at this hearing and the copies of statements and letters from friends and supporters presented to the Federal District Court, together with the absence of prior disciplinary action against Respondent other than a 1985 private reprimand. There are insufficient mitigating factors to justify reduction of the recommended penalty of disbarment.
The referee also recommended that Ryder pay the costs of the proceeding totaling $1,709.60. The referee specifically declined to make any recommendation as to the period of time Ryder must wait before applying for readmission, stating:
E. Bar counsel urges that I impose the restraint of Respondent's being disallowed to reapply for admission only after 5 years as provided in Rule 3-5(f) Rules of Discipline. Respondent argues that if disbarment is to be recommended that I impose the 3 year restraint on application for readmission as provided in Rule 11.10(5) of Article XI of The Florida Bar Integration Rule that was in effect at the time of the offenses here. It seems to me that such a restraint is one that only the Supreme Court of Florida can determine and I therefore make no comment or recommendation as to reinstatement.
We find that issue is controlled by our recent decision in The Florida Bar v. Greenberg, 534 So.2d 1142 (Fla. 1988), and that Rule 3-5.1(f) of the Disciplinary Rules effective January 1, 1987, is applicable.
Ryder asks that we reduce his discipline to an eighteen-month suspension, followed by three years' probation after reinstatement with a requirement of 360 hours of pro bono work (ten hours per month) to either the rape crisis center or another *123 Bar-approved organization. He believes that is an appropriate discipline which would adequately protect the public, rehabilitate respondent, and serve as a deterrent to other lawyers. He argues that the mitigating evidence of his having been a credit to the Bar in the past and, concerning his potential for rehabilitation, his excellent reputation for truth and veracity and his substantial services to a local rape crisis center and to his local parish justify this request. We decline to impose the discipline Ryder seeks.
The referee did consider all the evidence presented in mitigation, including the testimony of the character witnesses, but found it was not sufficient to justify any discipline less than a disbarment under the circumstances of this offense. We find that the referee's report is fully supported by the evidence and approve the recommended disbarment. Accordingly, we hereby disbar Robert Stephen Ryder from the practice of law in this state without leave to reapply for a period of five years, nunc pro tunc May 31, 1988. Judgment for costs in the amount of $2,031.57 is entered against respondent, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.