550 So.2d 464 (1989)
THE FLORIDA BAR, Complainant,
v.
Jeffrey M. MART, Respondent.
No. 70413.
Supreme Court of Florida.
October 26, 1989.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
Richard D. Kibbey, Stuart, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee's report filed pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
Respondent, Jeffrey Mart, was engaged in the business of developing condominiums in Martin County, Florida. At the same time he represented, in his capacity as an attorney, the Chicago Title Insurance Company, which wrote title insurance for each of the condominium units. When this business encountered severe cash-flow problems due to construction overruns, respondent diverted funds from his trust account to pay for these overruns. These funds, which were held in trust by respondent, had been given to him by purchasers of condominium units for the purpose of paying The American Pioneer Bank for partial releases of mortgages the bank held on the condominium property. It appears that in excess of one million dollars was diverted from the trust fund to the business. Respondent admitted these allegations and was convicted of criminal charges in connection with this diversion of funds.
Respondent's client, The Chicago Title Insurance Company, suffered monetary damage from the diversion, as did the bank holding the mortgages on the condominium units.
The referee recommended respondent be found guilty of violating the following disciplinary rules of the former Florida Bar Code of Professional Responsibility:
(1) 1-102(A)(3): Engaging in illegal conduct involving moral turpitude.
(2) 1-102(A)(4): Engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation.

*465 (3) 1-102(A)(6): Engaging in conduct which reflected adversely on his fitness to practice law.
(4) 6-101(A)(3): Neglecting a legal matter entrusted to him regarding to closing of the condominium unit sales.
(5) 7-101(A)(1): Intentionally failing to seek the lawful objectives of his client (the Chicago Title Insurance Company).
(6) 7-101(A)(2): Intentionally failing to carry out a contract of employment with his client.
(7) 7-101(A)(3): Intentionally causing prejudice or damage to his client in the course of his professional relationship.
(8) 9-102(B)(1): Failing to properly notify his client of the receipt of its funds.
(9) 9-102(B)(3): Improper trust account record keeping.
(10) 9-102(B)(4): Failing to properly pay over and deliver to the client funds received as requested.
The referee also recommended that respondent be disbarred for a period of three years pursuant to former Integration Rule 11.10(5). The Florida Bar takes issue with the referee's recommendation of disbarment for three years and requests that the Court order respondent to be disbarred for a period of five years.
The Florida Bar urges this Court to apply current rule 3-5.1(f) of the Rules Regulating The Florida Bar, which permits a disbarred attorney to seek admission to the bar after five years have expired. The Bar argues that although respondent was charged under and found guilty of violating the former disciplinary rules in effect when the misconduct occurred, he should have been disciplined according to the new rule that became effective January 1, 1987. This argument is premised on the fact that the new rule was in effect before the complaint was filed on April 22, 1987, and before the disciplinary hearing took place. Alternatively, The Florida Bar requests this Court to exceed the three-year term authorized by former Integration Rule 11.10(5) due to the seriousness of respondent's misconduct if the Court determines the former rule applies.
The issue presented is controlled by our decision in The Florida Bar v. Greenburg, 534 So.2d 1142 (Fla. 1988). In Greenburg, we held that when an attorney's misconduct occurs prior to the effective date of the new rules but the complaint is filed and the disciplinary proceeding takes place after January 1, 1987, "the rules adopted effective that date, including the five-year provision, apply." 534 So.2d at 1143. We note, however, that had the former rule been applicable we would agree with The Florida Bar that respondent's misconduct was so egregious as to warrant disbarment for a five-year period.
Accordingly, we hereby disbar Jeffrey M. Mart for a period of five years from March 19, 1987, the date of his temporary suspension. The Florida Bar's costs in this proceeding are assessed against respondent. Judgment is entered against Jeffrey M. Mart in the amount of $2,504.31, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.