PER CURIAM.
The Florida Board of Bar Examiners has petitioned for approval of certain amendments to the Rules of the Supreme Court Relating to Admissions to the Bar. The proposed amendments were published in The Florida Bar News on February 1, 1991, allowing interested parties an opportunity to file comments with this Court. No comments were filed.
The amendments and the rationale expressed by the Board concerning each amendment are set forth in the appendix to this opinion. Upon consideration, we now adopt the proposed amendments. These amendments shall become effective upon the issuance of this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
APPENDIX
[Additions are underlined; deletions are struck- -through.]
Article I, Section 15 as it will appear:
Section 15. To the extent necessary to implement these rules and if not inconsistent herewith, the Florida Rules of Appellate Procedure shall be applicable to all proceedings filed in the Supreme Court of Florida.
RATIONALE:
The proposed rule amendment creates a new section under Article I. In the past, the Florida Rules of Appellate Procedure have been used on a de facto basis to provide guidance to parties before the Court for such items as motions for extension of time. The Board concluded that the authority for reliance upon the appellate rules should be formally sanctioned by the Court in the Rules of the Supreme Court of Florida Relating to Admissions to the Bar. A similar provision is set forth in Rule 3 — 7.6(f) of the Rules Regulating The Florida Bar involving petitions for review in disciplinary proceedings.
Article II, Section 2 as it currently appears:
Section 2. If a law student timely files an early registration within one hundred fifty (150) days following the commencement of the study of law as specified in Article V, Section 7, the filing fee shall be $60.00.
Article II, Section 2 as it will appear:
Section 2. If a law student timely files an early registration within one hundred fifty-(-150) eighty (180) days following the commencement of the study of law as specified in Article V, Section 7, the filing fee shall be $60.00.
RATIONALE:
The deans of the Florida law schools have advised the Board that the current 150-day filing deadline often conflicts with course work and finals. By extending the deadline by 30 days, it is anticipated more law students will timely register with the Board and fewer registrations will be filed with the Board in a defective condition. Article III, Section l.b. as it currently appears:
Section 1. No applicant shall be admitted to the General Bar Examination unless he or she furnishes to the Board:
[[Image here]]
b. Satisfactory evidence of graduation from a full-time accredited law school at a time when or within 12 months of such accreditation, or in the alternative, satisfactory evidence that the applicant has completed the requirements for graduation *705 from a full-time accredited law school at a time when such law school was accredited or within 12 months of such accreditation, and that such accredited law school has or, in the alternative, will confer upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence. The term “completed the requirements for graduation” refers to the time when completion of the requirements for graduation is recorded in the office of the law school dean or administrator. The term “accredited law school” has reference to any law school approved or provisionally approved by the American Bar Association or which is a member of the Association of American Law Schools. None of the following shall be substituted for law school training:
(1) Private study, correspondence school or law office training;
(2) Age or experience;
(3) Waived or lowered standards of legal training for particular persons or groups.
Article III, Section l.b. as it will appear:
Section 1. No applicant shall be admitted to the General Bar Examination unless he or she furnishes to the Board:
[[Image here]]
b. A sworn Application for Admission into the General Bar Examination attesting to Satisfactory-evidence of graduation from a full-time accredited law school at a time when or within 12 months of such accreditation, or in the alternative, satisfactory evidence that the applicant has completed completion of the requirements for graduation from a full-time accredited law school at a time when such law school was accredited or within 12 months of such accreditation, and that such accredited law school has or, in the alternative, will confer upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence. The term “completed the requirements for graduation” refers to the time when completion of the requirements for graduation is recorded in the office of the law school dean or administrator. The term “accredited law school” has reference to any law school approved or provisionally approved by the American Bar Association or which is a member of the Association of American Law Schools. Results of the General Bar Examination shall be released pursuant to Article VI, Section 11 only to an applicant who has additionally furnished the Board with either a Certificate of Dean or an official final law school transcript which establishes that the law school graduation requirements were completed before the applicant submitted to the General Bar Examination. Failure to provide such additional document shall result in the im-poundment of an applicant’s grades until such time as the additional document is furnished. None of the following shall be substituted for law school training:
(1) Private study, correspondence school or law office training;
(2) Age or experience;
(3) Waived or lowered standards of legal training for particular persons or groups.
RATIONALE:
To expedite the processing of applications for admission to the Florida Bar Examination, the Board admits to the bar examination all applicants who have furnished a sworn statement of compliance with the requirement of graduation from a full-time accredited law school set forth in Article III, Section l.b. Grades of applicants who fail to provide satisfactory evidence of such graduation (i.e., a Certificate of Dean or an official final law school transcript) are, however, impounded by the Court pursuant to the Board’s recommendation. Although applicants are notified by the Board of the practice of impounding grades for failure to submit satisfactory evidence of law school graduation, the Board felt that such practice should also be referenced in the rules of the Court.
There are instances when the Board receives a Dean’s Certificate or official final law school transcript which does not establish the applicant’s compliance with the rule requiring graduation or completion of the requirements for graduation prior to sitting for the bar examination. The proposed rule amendment also makes it clear *706 that not only must applicants furnish a Dean’s Certificate or official transcript but that such item must also establish compliance with the rule.
Article III, Section 2 as it currently appears:
B. CHARACTER AND FITNESS REQUIREMENTS
Section 2. No person shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar unless such person first produces satisfactory evidence to the Board of good moral character and an adequate knowledge of the standards and ideals of the profession and that such person is otherwise fit to take the oath and perform the obligations and responsibilities of an attorney. No person shall be recommended for admission to The Florida Bar who has not reached the age of eighteen years.
a. An applicant may withdraw an application for admission to The Florida Bar at any time; provided, however, in such event the Board may continue its investigative and adjudicatory functions to conclusion.
b. Alternatively, an applicant may withdraw with prejudice an application for admission to The Florida Bar. The Board shall accept the withdrawal with prejudice and shall immediately dismiss its investigative and adjudicatory functions. An applicant who files a withdrawal with prejudice shall be permanently barred from filing a subsequent application for admission to The Florida Bar.
Article III, Section 2 as it will appear:
B. CHARACTER AND FITNESS REQUIREMENTS
Section 2.a. No person shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar unless such person first produces satisfactory evidence to the Board of good moral character and an adequate knowledge of the standards and ideals of the profession and that such person is otherwise fit to take the oath and perform the obligations and responsibilities of an attorney.
b. The primary purposes of character and fitness screening before admission to The Florida Bar are to assure the protection of the public and safeguard the justice system. An attorney should be one whose record of conduct justifies the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them. A record manifesting a deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for denial of admission.
The revelation or discovery of any of the following may be treated as cause for further inquiry before the Board decides whether the applicant possesses the character and fitness to practice law:
(1) unlawful conduct;
(2) academic misconduct;
(3) making or procuring any false or misleading statement or omission of relevant information, including any false or misleading statement or omission on the Application for Admission to The Florida Bar, or any amendment, or in any testimony or sworn statement submitted to the Board;
(4) misconduct in employment;
(5) acts involving dishonesty, fraud, deceit or misrepresentation;
(6) abuse of legal process;
(7) neglect of financial responsibilities;
(8) neglect of professional obligations;
(9) violation of an order of a court;
(10) evidence of mental or emotional instability;
(11) evidence of drug or alcohol dependency;
(12) denial of admission to the bar in another jurisdiction on character and fitness grounds;
(13) disciplinary action by a lawyer disciplinary agency or other professional disciplinary agency of any jurisdiction;
(14) any other conduct which reflects adversely upon the character or fitness of the applicant.
c. The Board shall determine whether the present character and fitness of an *707 applicant qualify the applicant for admission. In making this determination, the following factors should be considered in assigning weight and significance to prior conduct:
(1) the applicant’s age at the time of the conduct;
(2) the recency of the conduct;
(3) the reliability of the information concerning the conduct;
(4) the seriousness of the conduct;
(5) the factors underlying the conduct;
(6) the cumulative effect of the conduct or information;
(7) the evidence of rehabilitation;
(8) the applicant’s positive social contributions since the conduct;
(9) the applicant’s candor in the admissions process;
(10) the materiality of any omissions or misrepresentations.
No person shall be recommended for admission to The Florida Bar who has not reached the age of eighteen years.
d. An applicant may withdraw an application for admission to The Florida Bar at any time; provided, however, in such event the Board may continue its investigative and adjudicatory functions to conclusion.
⅛ e. Alternatively, an applicant may withdraw with prejudice an application for admission to The Florida Bar. The Board shall accept the withdrawal with prejudice and shall immediately dismiss its investigative and adjudicatory functions. An applicant who files a withdrawal with prejudice shall be permanently barred from filing a subsequent application for admission to The Florida Bar.
f. A person who has been disbarred from the practice of law in a foreign jurisdiction shall not be eligible to apply for admission to The Florida Bar or the Florida Bar Examination for a period of five years from the date of disbarment or such longer period set by the foreign jurisdiction for readmission to the foreign jurisdiction.
g. A person who has been suspended from the practice of law in a foreign jurisdiction shall not be eligible to apply for admission to The Florida Bar or the Florida Bar Examination until expiration of the period of suspension.
RATIONALE:
Subsections b. and c. of the proposed rule amendment are based upon the character and fitness standards set forth in the Code of Recommended Standards for Bar Examiners. The Code has been adopted by the policy-making bodies of the American Bar Association, the National Conference of Bar Examiners, and the Association of American Law Schools. The recommended standards represent the results of accumulated study and experience of a number of lawyers, examiners, and teachers of high standing. The Board has occasionally been criticized for not providing sufficient guidance to applicants as to the standards for admission to The Florida Bar. The adoption and publication of the standards set forth in the proposed rule amendment would better advise applicants of the factors considered by the Board in determining an applicant’s moral character and fitness to be an attorney.
Subsections f. and g. of the proposed rule amendment pertain to disbarred and suspended lawyers from foreign jurisdictions. Rule 3-7.9(a) of the Rules Regulating The Florida Bar provides that “... no application for admission may be tendered within five (5) years after the date of disbarment or such longer period as the Court might determine in the disbarment order. ...” The Board submits that an out-of-state disbarred lawyer should be treated in the same manner as a lawyer disbarred in Florida. The Board, therefore, recommends that a minimum five-year period of disqualification should also be applicable to a disbarred lawyer from a foreign jurisdiction. Similarly, the Board submits that an out-of-state lawyer should not be allowed to circumvent an order of suspension from a foreign jurisdiction by seeking admission to The Florida Bar prior to expiration of the period of suspension.
Article IV, Sections 3 and 4 as they currently appear:
*708 Section 3. Applicants for admission into the General Bar Examination and applicants for admission into The Florida Bar who have not been admitted to the Bar in any other jurisdiction for a period in excess of twelve months preceding the filing of an Application for Admission to The Florida Bar (time spent in military service of the United States not to be reckoned as part of said twelve months) shall accompany the initial application with a fee of $276.00, as specified under Article V, Section 1, and such other fee as may be required under Article II.
Section 4. All applicants for admission into the General Bar Examination and applicants for admission into The Florida Bar except those described in Article IV, Section 3 shall accompany the initial application with a fee of $828.00, as specified under Article V, Section 2.
Article IV, Sections 3 and 4 as they will appear:
Section 3. Applicants for admission into the General Bar Examination and applicants for admission into The Florida Bar who have not been admitted to the Bar in any other jurisdiction for a period in excess of twelve months preceding the filing of an Application for Admission to The Florida Bar (time spent in military service of the United States not to be reckoned as part of said twelve months) shall accompany the initial application with a fee of $276.00, as specified under Article V, Section 1, and such other registration fee as may be required under Article II.
Section 4. All applicants for admission into the General Bar Examination and applicants for admission into The Florida Bar except those described in Article IV, Section 3 shall accompany the initial application with:
a. a fee of $828.00, as specified under Article V, Section 2.⅛ or;
b. a fee of $1,500.00, as specified under Article V, Section 2.b. if applying for readmission after disbarment in Florida or if applying for admission after disbarment in any other jurisdiction.
RATIONALE:
Rule l-3.7(c) of the Rules Regulating The Florida Bar provides: “Persons who have resigned or retired or have been delinquent for a period of five (5) years or longer shall not be reinstated except upon application to and approval by the Florida Board of Bar Examiners.” For individuals seeking admission to The Florida Bar pursuant to the provision quoted above, the Board performs a background investigation which is generally the same in substance and cost as the investigation performed for any out-of-state attorney seeking admission to The Florida Bar. For this reason, the Board charges such an individual seeking readmission the same fee charged an attorney from another jurisdiction. By striking the word “other,” the proposed rule amendment eliminates any ambiguity as to the applicability of Section 3 to former Florida attorneys seeking readmission to The Florida Bar. The proposed changes in the last sentence of Section 3 will clarify the existing provision that those applicants not admitted in excess of twelve months in another jurisdiction are additionally required to submit the appropriate registration fee set forth in Article II.
Subsection' 4.b. of the proposed rule amendment creates a new fee for disbarred lawyers. The fee is applicable to both disbarred lawyers from Florida seeking readmission and disbarred lawyers from out-of-state jurisdictions seeking admission to The Florida Bar. The Board has experienced an increased number of inquiries regarding procedures for reapplication from individuals disbarred from the practice of law in Florida. Additionally, applicants who have been disbarred in other jurisdictions are applying for admission to The Florida Bar. The proposed rule amendment provides an increased fee for these two limited classes of applicants.
The Board experience establishes that investigations into the background of disbarred attorneys are very similar to rehabilitation investigations conducted by the Board pursuant to order of the Court and the provisions of Article III, Section 4.d. of
*709 the Rules. In addition to the normal costs associated with a background investigation, a rehabilitation investigation requires the use of a special investigator. In fact, in rehabilitation cases between 1981 and 1989, the Court required such applicants to remit to the Board a costs deposit of $1000. In March 1989, the Court increased the costs deposit to $1500. Since the background investigation of a disbarred lawyer will always involve significant character or fitness problems which prompted the disbarment, above normal investigative costs can always be anticipated. It can also be anticipated that the application of a disbarred attorney will require investigative and formal hearings to enable the Board to determine if such disbarred attorney should be authorized to resume the practice of law. The Board, therefore, recommends that the fee for an applicant who is a disbarred attorney be set at $1500.
Preamble to Article V, as it currently appears:
The following fees shall be paid by the applicant. No fees shall be refunded, except that the Board may, in its discretion and upon request, refund all or a portion of the fees of an applicant who dies before taking the oath of admission.
Preamble to Article V, as it will appear:
The following fees shall be paid by the applicant. — No fees shall be refunded, except that the Board may, in its discretion and-upon request, refund all or a portion of the fees- of an applicant who dies before taking the oath of admission. The following fees, none of which will be refunded, shall be paid by the applicant.
RATIONALE:
The Board was created by the Court in 1955. The preamble to Rule V (currently referred to as Article) of the Rules Relating to Admission to The Florida Bar which became effective on November 1, 1955, stated: “The following fees, none of which will be refunded, shall be paid by the applicant.” By the proposed rule amendment, the Board seeks a return to the clear and concise language of the 1955 preamble.
Since June 1989, five applicants have petitioned the Board for refund of fees because they no longer wanted to seek admission to The Florida Bar. All of the petitions were properly denied by the Board. By the proposed rule amendment, the Board hopes to emphasize the finality of an applicant’s decision to tender fees to the Board. Once that decision is made by an individual, the decision becomes irrevocable.
As indicated above, a provision for nonrefundable fees has been in effect since the Board’s creation. It would be administratively impractical for the Board to attempt to prorate actual costs expended on a particular application in response to a request for a refund. Many of the regulatory boards under the Department of Professional Regulation have similar provisions providing for nonrefundable fees. See, e.g., section 458.311(l)(a), Florida Statutes (Board of Medicine); section 466.006(1), Florida Statutes (Board of Dentistry); section 473.305, Florida Statutes (Board of Accountancy); section 481.207, Florida Statutes (Board of Architecture and Interior Design).
It is noteworthy that fees previously paid by applicants who no longer wish to pursue their applications with the Board are not forfeited. Such fees are credited to the particular applicants who paid the fees and can be used in the future by those applicants should they reactivate their files. The Board is also modifying its instruction sheets provided to registrants and applicants to include a notice that fees are nonrefundable. A similar notice will be inserted in the Application for Admission into the General Bar Examination.
Article V, Section 2 as it currently appears:
Section 2. The application of applicants described in Article IV, Section 4, shall be accompanied by a fee of.$828.00.
Article V, Section 2 as it will appear:
Section 2.a. The application of applicants described in Article IV, Section 4.a., shall be accompanied by a fee of . $828.00.
b. The application of applicants described in Article IV, Section 4.b., shall be *710 accompanied by a fee of . $1500.00.
RATIONALE:
Housekeeping changes to reference the fee category for disbarred attorneys created by the new Article IV, Section 4.b. See proposed rule amendment to Article IV, Sections 3 and 4 above.
Article VI, Section 11 as it currently appears:
Section 11. On each date set pursuant to Article VI, Section 10, the Board shall advise all persons submitting to any part of the General Bar Examination at the last administration thereof, whether such person has passed or failed any or all parts of said examination. At that time those persons who have passed all parts of the examination but who have not been recommended to the Supreme Court for admission to The Florida Bar will be further advised of the status of their applications. Article VI, Section 11 as it will appear:
Section 11. On each date ■ -set-pursuant to-A-r-ticle VI, Section 10, tThe Board shall advise notify all persons submitting to any part of the General Bar Examination at the last administration thereof, whether such person has passed or failed any or all parts of said examination, except those persons whose grades have been impounded by the Supreme Court of Florida. The date of such notification shall be set pursuant to Article VI, Section 10. At that time those persons who have passed all parts of the examination but who have not been recommended to the Supreme Court for admission to The Florida Bar will be further advised of the status of their applications.
RATIONALE:
The requested change will conform the provisions of this section to the proposed rule amendment under Article III, Section l.b.