GRIMES, Justice.
This is a petition by the Florida Board of Bar Examiners (board) for an expedited order setting forth this Court’s interpretation of article I, section 14(d) of the Rules of the Supreme Court Relating to Admissions to the Bar (rules). We have jurisdiction under article V, section 15 of the Florida Constitution.
According to the petition, Gary Michael Bougere was admitted to The Florida Bar on December 22, 1989, pursuant to recommendation of the board. Prior to his admission, Bougere appeared before a division of the board for an investigative hearing, as authorized by article III, section 3(a) of the rules. Following a review of additional items received from Bougere after his investigative hearing, the board recommended his admission to this Court. No specifications were filed against Bougere and, therefore, a formal adjudicatory hearing was never held. Subsequent to his admission, Bougere filed suit in Federal District Court in Louisiana against several parties for defamation. Bougere alleged that the defendants defamed him by providing the board with false charges of miscon *896 duct. Bougere asserted that the delay in his admission caused by the board’s investigation that was prompted by the false charges caused him to lose a lucrative job offer.
On March 20, 1990, the board was served with a subpoena on the application of Bougere in connection with his federal lawsuit. The subpoena commanded the board to produce in part all documents and information supplied by any person or entity which caused the board to request Boug-ere’s appearance for an investigative hearing. The board filed a motion for protective order and a motion to quash the subpoena in the United States District Court for the Northern District of Florida. Ultimately, a report and recommendation was issued by the U.S. Magistrate. In the report, the magistrate pointed out that in a diversity action the privileged nature of discovery materials is determined by state law. The magistrate then focused upon that portion of article I, section 14 of the rules, which reads as follows:
Section 14. All information maintained by the Board in the discharge of those responsibilities delegated to it by the Supreme Court of Florida shall be confidential except as provided by these Rules or otherwise authorized by the Court. All matters including, but not limited to, registrant and applicant files, investigative reports, examination material, and interoffice memoranda shall be the property of the Supreme Court of Florida and the Board shall serve as custodian of all such records.
The Board is authorized to disclose the following information relating to an individual registrant, applicant or member of The Florida Bar, absent specific instructions from the Court to the contrary:
[[Image here]]
d. Upon written request from registrants or applicants for copies of documents previously filed by them, or on their behalf with the Board with the written consent of the party submitting such documents, and copies of any documents or exhibits tendered to the Board at an investigative or formal hearing before the Board and the transcript of such hearings.
The magistrate interpreted the language of article I, section 14(d) to mean that an applicant is entitled to be furnished all of the requested documents and recommended that the board’s motions be denied.
The board filed a response and objections to the magistrate’s report. The board advised the federal court that it had provided Bougere with a copy of the transcript of his investigative hearing along with the exhibit offered into the record at that hearing. The board also pointed out that it was the board who drafted the language of article I, section 14 and petitioned the Supreme Court for inclusion of this new section in the rules. The board stated that it had consistently interpreted the phrase “documents or exhibits tendered to the Board at an investigative or formal hearing” to mean any documents or exhibits offered in the record at such hearing. However, the federal district court rejected the board’s objections and adopted the magistrate’s report. The order of the court included the following interpretation of this Court’s rule provision:
The magistrate judge did not confine the scope of disclosure to items formally introduced or admitted into the record. Indeed, neither did the Florida Supreme Court. The supreme court made provision for disclosure of documents or exhibits “tendered to the Board” at a hearing, either formal or investigative. This court concludes that the supreme court’s language encompasses any documents or exhibits which are before the Board and which are used by the Board at, or as a basis for, an investigative hearing.
The board is filing a motion for rehearing in which it is requesting the federal court to stay its order pending a decision by this Court interpreting article I, section 14(d) of the rules.
This Court takes seriously its responsibility of supervising the admission of persons to the practice of law in Florida. Pursuant to its directions, the board conducts a careful character and fitness investigation of each applicant. As a consequence, it is *897 necessary that the board seek information from numerous sources. The Court is concerned that unless the board’s investigative files are held in confidence, many of those from whom the board seeks information concerning applicants would be unwilling to candidly respond. Thus, by its promulgation of article I, section 14, the Court made a calculated decision that the board’s records should be confidential except under certain limited circumstances.
The board points out that the subpoena requires disclosure of the character and fitness report prepared by the board’s staff and relied upon by board members at Bougere’s investigative hearing. That report contains raw investigative materials, including statements from confidential sources. The report also contains the opinions, observations, and impressions by the board’s staff and a special investigator obtained by the board to assist in a particular area of Bougere’s background investigation. All of this information is beyond the scope of article I, section 14(d). The words of article I, section 14(d) which read “copies of any documents or exhibits tendered to the Board at an investigative or formal hearing before the Board and the transcript of such hearings” mean exactly what they say. The applicant is entitled to copies of documents or exhibits tendered to the board at the hearings and the transcripts of these hearings and nothing more.
In interpreting the rule to require the disclosure of this information, the magistrate wrote that “when an application ends up in an investigative hearing, considerations of fair play would seem to be operative and the applicant ought then to be able to see the documents relied upon by the board.” Respectfully, this analysis misses the point. There is a two-step hearing process that must occur before the board can make an adverse recommendation. The first step is an investigative hearing, and the second step is a formal adjudicatory hearing held in response to the filing of specifications. Considerations of fair play are not involved in the investigative hearing because the board is still exercising an investigative function at that stage. The board cannot recommend that an applicant’s admission be denied following just an appearance at an investigative hearing. Such a recommendation can only be based on record evidence produced at a formal adversary hearing held in response to the filing of specifications. At this point, an applicant is entitled to a formal hearing before the board, representation by counsel, cross-examination of witnesses, presentation of witnesses and evidence on the applicant’s behalf, access to the board’s subpoena powers, timely release of witness and exhibit lists by the board attorney, disclosure to the applicant of any exculpatory information in the board’s possession, and disclosure of any prior statement of the individual appearing on the board’s witness list.
We hold that article I, section 14(d) entitles applicants only to copies of documents previously filed by them or on their behalf with the board with the written consent of the party submitting such documents, and copies of any documents or exhibits tendered to the board at an investigative or formal hearing before the board and the transcript of such hearings. The rules do not entitle an applicant to any records relied upon by the board in conducting an investigative hearing.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, BARKETT, KOGAN and HARDING, JJ., concur.