PER CURIAM.
The Florida Board of Bar Examiners filed a petition for approval of certain amendments to the Rules of the Supreme Court Relating to Admissions to the Bar. One of the proposals sought to amend article III, section l.a., by adding provisions for the review of an unfavorable evaluation of an applicant’s educational credentials submitted in lieu of the requirement of an academic Bachelor’s Degree. In the meantime, Gerald T. Bennett, Esquire, submitted a proposal to amend article III to provide that an applicant who has received a professional law degree from a law school accredited by the Association of American Law Schools shall be deemed to have obtained the equivalent of an undergraduate degree from an accredited educational institution. Because both petitions were directed to the same rule, we asked the Board of Bar Examiners to respond to the merits of Professor Bennett’s proposal. The Bar Examiners filed a supplement to their petition in which they accepted certain of Professor Bennett’s recommendations but rejected his suggestion that a degree from an accredited law school would suffice for an appropriate undergraduate degree.
Upon consideration, the Court has concluded to dispense with the strict requirement of an undergraduate degree. We note that the majority of 'other states do not have such a requirement, and we conclude that the disputes over credentials evaluations are expensive, time-consuming, and unnecessary. The Court has determined that the sole educational requirement of an applicant should be graduation with a J.D. or LL.B. degree from a law school approved by the American Bar Association. The vast majority of such graduates will have obtained satisfactory undergraduate degrees, and we are confident that approved law schools will only permit the admission of those without such undergraduate degrees in worthy cases. On the other hand, we do not agree with Professor Bennett’s suggestion that an applicant could qualify through a credentials evaluation without an approved law school degree.
As a consequence of our decision, we have modified the proposed amendment to article III, section l.a. and eliminated the proposed amendment to article V, section 11, which would have established a fee for review of an unfavorable credentials evaluation. In all other respects, we approve the petition of the Bar Examiners. The *1161 rules as amended are set forth in the appendix to this opinion. The rationale submitted by the Bar Examiners for the proposed amendment is set forth after each rule, excepting article III, section l.a. These amendments shall become effective when this opinion becomes final.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
APPENDIX
[Additions are underlined; deletions are struck through.]
Article I, Section 14 as it will appear:
SECTION 14. All information maintained by the Board in the discharge of those responsibilities delegated to it by the Supreme Court of Florida shall be confidential except as provided by these Rules or otherwise authorized by the Court. All matters including, but not limited to, registrant and applicant files, investigative reports, examination material and interoffice memoranda shall be the property of the Supreme Court of Florida and the Board shall serve as custodian of all such records.
The Board is authorized to disclose the following information relating to an individual registrant, applicant or member of The Florida Bar, absent specific instructions from the Court to the contrary, in the following situations:
a. The name, date of birth, Social Security number and date of application for placement in a national data bank operated by or on behalf of the National Conference of Bar Examiners.
b. Upon written request from The Florida Bar for information relating to disciplinary proceedings, reinstatement proceedings or unauthorized practice of law investigations, provided, however, that information received by the Board under the specific agreement of confidentiality or otherwise restricted by law shall not be disclosed.
c. Upon written request from the National Conference of Bar Examiners or from foreign bar admitting agencies, foreign bar associations, or other similar agencies, when accompanied by an authorization and release duly executed by the person about whom such information is sought, provided, however, that information received by the Board under a specific agreement of confidentiality or otherwise restricted by law shall not be disclosed.
d. Upon written request from registrants or applicants for copies of documents previously filed by them or on their behalf with the Board with the written consent of the party submitting such documents, and copies of any documents or exhibits tendered- to the Board formally introduced into the record at an investigative or formal hearing before the Board and the transcript of such hearings.
e. Upon service of a subpoena issued by a Federal or Florida Grand Jury, or Florida State Attorney only in connection with a felony investigation, provided, however, that information otherwise restricted by law shall not be disclosed.
RATIONALE:
The proposed rule amendment would clarify the current language regarding the release of information to a bar applicant in accordance with the supreme court’s recent opinion in Florida Board of Bar Examiners re Interpretation of Article I, Section 14,d. of the Rules of the Supreme Court Relating to Admissions to the Bar, 581 So.2d 895 (Fla.1991). In that decision, the supreme court affirmed the Board’s position that the phrase “tendered to the Board” is restricted to those documents or exhibits formally introduced into the record at the hearing. Article III, Section l.a. as it will appear:
Section 1. No applicant shall be admitted to the General Bar Examination unless he or she furnishes to the Board:
a, — Satisfactory evidence that the applicant has received an academic Bachelors Degree granted on a basis-of a four-year period of-study in a college or university on the approved list of any--one of the following regional accrediting associations:
(1) New — England—Association—of Schools and Colleges?
*1162 (2) Middle States Association of Colleges and Schools/Commission on Higher Education)
(3) North Central Association of Colleges and Schools;
(4) Southern Association of Colleges and Schools — Commission on Colleges;
(5) Northwest Association of Schools and Colleges;
(6) Western Association of Schools-and Colleges — Accrediting—Commission—for Senior Collegesr
The academic-Bachelor’s Degree refer-r-ed to above must have been-conferred at a time when suGh-college or university--was accredited or within 12 months of such accreditation. — Otherwise, such applicant shall obtain a determination at the cost of the applicant by- a credentials evaluation service or other professionals approved by the Board that the applicant's education is the equivalent of a Bachelor’s Degree awarded-by an accredited-institution.
An applicant will fully satisfy the requirement of this section-upon furnishing to the Board-satisfactory evidence of (1) graduation from-a law school outside the United-States which educationally qualifies the applicant for licensing-to practice law in the country in which the law school is located and (2) graduation from a full-time accredited law school within the United States as prescribed by Article III, Section its
This section-shall be applicable only to those applicants applying for admission-to the Bar who enrolled in an accredited law school subsequent to April-28,-4988. — Eon applicants who enrolled in an accredited law school subsequent to December 31, ■1875, but prior to April 28^988, said applicants may, in the alternative to satisfaction of the requirements set forth above, successfully complete an examination designated by the Board evidencing attained knowledge — equivalent—to—128—semester hours-of-college-study to be administered under the Board-s-supervision. Applicants who enrolled in an accredited law school prior to-December 31, 1975 shall be-gov-emed by previous requirements under-Section 22(a) of Article-IV. — (Satisfactory evidence of at least two years’ in-residence undergraduate work if entry into law school was prior to December 31, I960, or at least-3 years’ in-residence undergraduate work- if entry into law-school was subsequent to December 31, I960, but prior to December 31, 1975, or the successful completion-of a college equivalency examination to be administered under the Board’s supervision.)
Graduation from any one of-the- following institutions; the United States-Military Academy, the United Naval Academy, the United-States Air Force Academy, the United States Coast-Guard Academy?-or the United-States Merchant-Marine Academy^ will fully satisfy the requirement of this section.
ba. A sworn Application for Admission into the General Bar Examination attesting to graduation from a full-time accredited law school at a time when or within 12 months of such accreditation, or in the alternative, completion of the requirements for graduation from a full-time accredited law school at a time when such law school was accredited or within 12 months of such accreditation, and that such accredited law school has or, in the alternative, will confer upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence. The term “completed the requirements for graduation” refers to the time when completion of the requirements for graduation is recorded in the office of the law school dean or administrator. The term “accredited law school” has reference to any law school approved or provisionally approved by the American Bar Association or which is a member of the-Association of American Law Schoolsr Results of the General Bar Examination shall be released pursuant to Article VI, Section 11 only to an applicant who has additionally furnished the Board with either a Certificate of Dean or an official final law school transcript which establishes that the law school graduation requirements were completed before the applicant submitted to the General Bar Examination. Failure to provide such additional document shall result in the im-poundment of an applicant’s grades until *1163 such time as the additional document is furnished. None of the following shall be substituted for law school training:
(1) Private study, correspondence school or law office training;
(2) Age or experience;
(3) Waived or lowered standards of legal training for particular persons or groups.
eb. For those applicants not meeting the requirements of Article III, Section la. or b, the following requirements shall be met: (1) such evidence as the Board may require that such applicant was engaged in the practice of law in the District of Columbia or in other states of the United States of America, or in practice in federal courts of the United States or its territories, possessions or protectorates for at least ten years, and was in good standing at the bar of the District of Columbia, or of the federal courts, or of the state in which such applicant practiced; and (2) a representative compilation of the work product in the field of law showing the scope and character of the applicant’s previous experience and practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, corporate charters or other working papers which the applicant considers illustrative of such applicant’s expertise and academic and legal training such representative compilation of the work product shall confine itself to the applicant’s most recent ten years of practice and shall be filed at least 90 days prior to the administration of the Florida Bar Examination, notwithstanding the provisions of Article VI, Section 5. If a thorough consideration of such representative compilation of the work product shows that the applicant is a lawyer of high character and ability, whose professional conduct has been above reproach, and whose academic and legal scholarship conform to approved standards and sum up to the equivalent of that required of other applicants for admission to the Florida Bar Examination, the Board may, in its discretion, admit such applicant to the General Bar Examination and accept score reports directed to the Board from the National Conference of Bar Examiners or its designee. In evaluating academic and legal scholarship the Board is clothed with broad discretion.
Article III, Section 3.f. as it will appear:
f. Formal hearings held in response to Specifications shall be. conducted before a quorum of the Board which shall consist of not less than five members. The formal hearing panel shall consist of members of the Board other than those who participated in the investigative hearing. This provision may be waived with the consent of the applicant. The weight to be given all testimony and exhibits received in evidence at a formal hearing shall be considered and determined by the Board. The Board is not bound by technical rules of evidence at a formal hearing. Following the conclusion of a formal hearing, the Board shall expeditiously make its findings of fat and conclusions of law which shall include one of the following:
(1) A recommendation that the applicant be admitted to The Florida Bar; or
(2) A recommendation that the applicant not be admitted to The Florida Bar; or
(3) After the filing of Specifications and, in lieu of a recommendation that the applicant not be admitted to The Florida Bar based upon drug, alcohol or psychological problems, the Board in exceptional cases may make a recommendation that the applicant be conditionally admitted to The Florida Bar upon such terms and conditions as specified by the Board. If the Court accepts the Board’s recommendation, then the terms and conditions of the applicant’s admission shall be administered by The Florida Bar as provided in Section 3.c. above; or
(4) A recommendation that the applicant’s admission to The Florida Bar be withheld for a specified period of time not to exceed two years to allow the applicant to establish rehabilitation. At the end of the specified period of time, the Board shall recommend the applicant’s admission barring subsequent dis *1164 closure of matters adversely reflecting upon the applicant’s character or fitness.
The applicant shall be notified promptly by the Board of its findings of fact and recommendation, which action shall be subject to review by the Court as specified under Article III, Section 4.b.
RATIONALE:
During the past year, the Board’s practice has been to avoid placing members of an investigative hearing panel on a subsequent formal hearing panel for the same applicant. The proposed change would formalize this practice by making it a specific provision of the rules.
Article III, Section 4.a. as it will appear:
a. Any applicant who is dissatisfied with the Board’s recommendation concerning his or her character, fitness or general qualifications, may, within sixty (60) days after notice of the Board’s recommendation, file with the Board a petition for reconsideration with a fee of $100.00 as specified under the provisions of Article V, Section 11. The petition must contain new and additional matter which the Board has not previously considered, material evidence including, without limitation to, evidence of rehabilitation, which by due diligence could not have been produced at the formal hearing. Only one such petition for reconsideration may be filed.
RATIONALE:
Recently, some applicants who have received an unfavorable recommendation by the Board following a formal hearing have attempted to present additional evidence in a petition for reconsideration which evidence could have been presented at the formal hearing. The proposed rule amendment clarifies the purpose of a petition for reconsideration. Such purpose is to provide applicants with the means by which to present new and material evidence which is discovered after the formal hearing but within sixty days of notice of the Board’s recommendation and which by due diligence could not have been produced at the formal hearing.
Article IV, Section 4.b. as it will appear:
Section 4. All applicants for admission into the General Bar Examination and applicants for admission into The Florida Bar except those described in Article IV, Section 3 shall accompany the initial application with:
a. a fee of $1200.00, as specified under Article V, Section 2.a. or;
b. a fee of $2100.00, as specified under Article V, Section 2.b. if applying for readmission after disbarment or resignation pending disciplinary proceedings in Florida or if applying for admission after disbarment or resignation pending disciplinary proceedings in any other jurisdiction.
RATIONALE:
Pursuant to the Board’s recommendation, the Court previously amended Article IV, Section 4 to create a special fee for disbarred attorneys. Florida Board of Bar Examiners re Amendment to Rules of the Supreme Court Relating to Admissions to the Bar, 578 So.2d 704 (Fla. 1991).
In support of its proposed fee for disbarred attorneys, the Board offered the following rationale:
The Board experience establishes that investigations into the background of disbarred attorneys are very similar to rehabilitation investigations conducted by the Board pursuant to order of the Court and the provisions of Article III, Section 4.d. of the Rules. In addition to the normal costs associated with a background investigation, a rehabilitation investigation requires the use of a special investigator. In fact, in rehabilitation cases between 1981 and 198, the Court required such applicants to remit to the Board a costs deposit of $1000. In March 1989, the Court increased the costs deposit to $1500. Since the background investigation of a disbarred lawyer will always involve significant character and fitness problems which promoted the disbarment, above normal investigative costs can always be anticipated. It can also be anticipated that the application of a disbarred attorney will require investigative and formal hearings to enable the Board to determine if such disbarred attorney should be authorized *1165 to resume the practice of law. The Board, therefore, recommends that the fee for an applicant who is a disbarred attorney be set at $1500.
The Board submits that the above-quoted rationale is equally applicable to individuals who were permitted to resign pending disciplinary proceedings. It is anticipated that investigations by the Board of such individuals could be more costly than an investigation involving a disbarred attorney because of the lack of a full and complete record from disciplinary agencies. The Board, therefore, recommends that the special fee for an applicant who is a disbarred attorney be amended to include an applicant who resigned with pending disciplinary proceedings.
Article V, Section 16 as it will appear:
SECTION 16. The cost of a transcript or any record or document reasonably required by the Board in the conduct of as investigation investigative or inquiry adjudicatory functions into the character and fitness of an applicant or a registrant shall be paid by such applicant or registrant. RATIONALE:
The proposed change clarifies the current language by making clear that the specified costs may be incurred by the Board while conducting either its investigative or adjudicatory functions.
Article II, Section 1 as it will appear:
SECTION 1. Every law student intending to apply for admission to The Florida Bar shall, following the commencement of the study of law in an accredited law school, register with the Board by filing an Applicant’s — Questionnaire and Affidavit Application for Admission to The Florida Bar (Form 1) as a registrant upon the forms supplied by the Board, including the documents and papers specified in Article IV, Section 5 except for the filing of the Certificate of Dean as specified in Article IV, Section 5.b.(4), payment of a fee of $400.00 as specified in the provisions of Article V, Section 6, and submitting such other papers as may from time to time be reasonably required by the Board.
RATIONALE:
The proposed changes are housekeeping in nature to conform to the descriptive heading appearing on the Board’s application.
Article II, Section 6 as it will appear:
SECTION 6. The Applicant’s-Questionnaire and Affidavit Application for admission to The Florida Bar (Form 1) executed by a registrant shall not be deemed an application for admission into The Florida Bar Examination or an application for admission into The Florida Bar unless and until the registrant files a supplement (Form 2) to said Questionnaire and Affidavit application (Form 1) as provided in Article IV, Sections 8 and 9.
RATIONALE:
The proposed changes are housekeeping in nature to conform to the descriptive heading appearing on the Board’s application.
Article IV, Section l.b. as it will appear:
b. Application for Admission to The Florida Bar (Form 1 or Form 2), as applicable).
Although the Application for Admission into the General Bar Examination and the Application for Admission to The Florida Bar are entirely independent of each other, applicants are advised that the character and fitness investigation conducted by the Board in conjunction with the Application for Admission to The Florida Bar is detailed and may require 6-8 months for all facts to be marshalled and a recommendation reached by the Board. Therefore, law students are encouraged to file for admission to the Bar when entering their senior year in law school to assure completion of all character and fitness related matters at the time of grade release of the first examination following graduation. All applicants are required to file fully completed questionnaires applications and to be responsive to Board requests for further information in order to assure orderly processing of the files.
*1166 RATIONALE:
The proposed changes are housekeeping in nature to conform to the descriptive heading appearing on the Board’s application.
Article IV, Section 8 as it will appear:
Section 8. If the applicant has filed an Applicants — Questionnaire—and Affidavit Application for Admission to The Florida Bar as a registrant as required by Article II, Section 1, the provisions of Article IV, Section 5 shall be inapplicable but in such case the applicant shall, not later than 180 days from the date of notice that success has been attained on the Florida Bar Examination, file a supplement (Form 2) to said questionnaire-and-affidavit application for admission upon forms supplied by the Board, and upon the filing of such supplement, the said questionnaire and- affidavit application for admission filed as a registrant and all documents, records, information, and every other portion of the file shall be deemed converted into and shall thereupon be an application for admission to The Florida Bar. The Board may require the applicant to furnish such additional or supplemental information as the Board deems reasonable and necessary in the consideration of the Application for Admission to The Florida Bar.
RATIONALE:
The proposed changes are housekeeping in nature to conform to the descriptive heading appearing on the Board’s application.
Article IV, Section 9 as it will appear:
Section 9. Even though an applicant has filed an Applicant’s Questionnaire and Affidavit Application for Admission to The Florida Bar as a registrant as specified under Article II, the separate Application for Admission into the General Bar Examination must be filed by the deadlines as specified under the provisions of Article VI, Section 5 and in compliance with the provisions of Article IV, Section 5 except that compliance with subsections a. and b. may be omitted if there has been previous compliance.
RATIONALE:
The proposed changes are housekeeping in nature to conform to the descriptive heading appearing on the Board’s application.
Article V, Section 5 as it will appear:
Section 5. For an Applicant’s Questionnaire and Affidavit Application for Admission to The Florida Bar filed in a defective condition as described in Article IV, Section 1 the applicant shall pay a fee of.$ 75.00
RATIONALE:
The proposed changes are housekeeping in nature to conform to the descriptive heading appearing on the Board’s application.
Article V, Section 6 as it will appear:
Section 6. The Applicant’s Questionnaire and Affidavit Application for Admission to The Florida Bar filed as a registrant as required by Article II, Section 1, shall be accompanied by a fee of.$400.00
RATIONALE:
The proposed changes are housekeeping in nature to conform to the descriptive heading appearing on the Board’s application.