ON MOTION FOR REHEARING
PER CURIAM.
Richard McFarlain and Charles A. Stampelos, attorneys who represent clients before the Florida Board of Bar Examiners, have filed a motion for rehearing seeking to have the foregoing amendments to the rules applied only to those applicants who file applications for admission to The Florida Bar after the date of our original opinion. They argue that it would be unfair to apply these rules retroactively to applicants who filed their applications prior to the date of this Court’s opinion, especially with respect to the amendments to article III, section 4d, and article IV, section 2b.
*160 In our original opinion, we provided that the amendments shall become effective when the opinion became final. This is consistent with our practice in previous amendments to the rules. Florida Bd. of Bar Examiners re Amendment to Rules, 603 So.2d 1160 (Fla.1992); Florida Bd. of Bar Examiners re Amendment to Rules, 578 So.2d 704 (Fla.1991). In The Florida Bar v. Greenberg, 534 So.2d 1142 (Fla.1988), cert. denied, 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989), the Court addressed essentially the same arguments now being made by the movants. The disciplinary rules had been amended effective January 1987 to extend the period of time during which a disbarred attorney could not seek admission from three to five years. Greenberg’s disciplinary proceeding commenced prior to January 1, 1987, but the hearing and the referee’s disciplinary recommendation occurred after that date. We rejected Greenberg’s argument that the three-year rule was applicable because disciplinary proceedings had commenced prior to January 1, 1987. The Court held that since Greenberg’s case was pending subsequent to January 1, 1987, the new five-year provision applied to his ease.
Therefore, we believe the rules were properly made effective on the date our opinion became final. Specifically, so long as the hearing before the board occurred subsequent to the date these rules become effective, the amendment to article III, section 4d properly authorizes the board to recommend a longer disqualification period (up to a maximum of five years) in eases involving untruthfulness by an applicant during the bar admissions process. We do agree, however, that the amendment to article IV, section 2b, which requires that bar applicants cannot be recommended for admission if their completion of the bar application is older than five years without resubmission and successful completion of the bar examination, should only be deemed applicable to those applications filed subsequent to the effective date of the amendment. To hold otherwise might unfairly prejudice those who filed applications prior to the effective date without knowledge of the five-year deadline. Except as noted above, the motion for rehearing is denied.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.