PER CURIAM.
The Florida Board of Bar Examiners (the Board) petitions this Court to amend or adopt Rules Relating to Admissions to the Bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution. We approve the proposed amendments as set forth in the attached appendix.
The Board has petitioned to create or amend these rules: article I, section 14 (authorizing the release to applicants of copies of documents submitted to the Board without the consent of the submitting party if the document would be independently available to the requesting applicant); article II, sections 1-5, (increasing fees applicable to student registrants); article III, section l.a. (creating administrative fee for the release of bar examination scores following impoundment by the Court); article III, section 2.f. (clarifying that provision also applies to individuals who resigned pending disciplinary proceedings in a foreign jurisdiction); article III, section 3.a., e. (establishing administrative fees for investigative and formal hearings); article III, section 4.a., d. (increasing fee applicable to petition for reconsideration and establishing fee in rehabilitation eases in lieu of current practice of requiring costs deposit); article IV, section 1. (increasing late fee for bar applications filed in a defective condition and reducing time to file bar application after successful completion of bar examination); article IV, section 2.a. (increasing fee when filing an updated bar application is required); article IV, section 3 (replacing current language of “such other registration fee” with specific amount of fee to accompany initial application); article IV, section 4 (creating multiple fee schedule for out-of-state lawyers seeking admission to the bar); article IV, sections 5.b. and 8 (reducing time to file bar application after successful completion of the bar examination); article IV, section 7.a., b. (increasing the fees applicable to postponement of applicant’s submission to bar examination); article IV, sections 12 and 13, and article V, section 15 (consolidating provisions on petitions filed by applicants with the Board and extending time for seeking Court review of Board’s rulings); article V (increasing all fees assessed by the Board); article VI, sections 5 and 6 (increasing the fees applicable to untimely applications for admission to the bar examination and to applicants desiring to repeat any part of the examination); and article VI, section 9.b. (reducing time to file bar application after successful completion of the bar examination).
*374 The proposed amendments were published in The Florida Bar News on July 15, 1995, with an invitation for comments. Attorneys Charles A. Stampelos and Richard C. McFarlain filed a comment in response to the proposed amendment of article I, section 14 relating to the release of documents. Stampelos and McFarlain argue that, in light of article I, section 24 of the Florida Constitution,[1] the proposed amendment does not go far enough. They contend that all records in the possession of the Board should be open for inspection by the applicant and the public. We do not agree.
While article I, section 24 of the Florida Constitution affords access to public records of the judicial branch, it also provides that “[r]ules of court that are in effect on the date of adoption of this section that limit access to records shall remain in effect until they are repealed.” Art. I, § 24(d), Fla. Const. Before this constitutional provision received voter approval in the November 1992 election, this Court adopted Florida Rule of Judicial Administration 2.051, concerning public access to judicial records. Amendments to Fla.R.Jud.Admin.—Public Access to Judicial Records, 608 So.2d 472 (Fla.1992) [hereinafter Public Access]. The rule specifically provides that “all court records presently deemed to be confidential by court rule, including the Rules for Admission to the Bar” shall be confidential and therefore exempt from public access under the constitutional provision. Fla.R.Jud.Admin. 2.051(c)(8).
At the time that the Court adopted rule 2.051, we denied the requests of several individuals and groups that we open even more judicial records to public access. Public Access, 608 So.2d at 473. We explained that while the constitutional provision prohibits the Court from enacting a new rule that would close any records, we still have “flexibility to open such additional records in the future as may be in the best interest of the public and the judicial system.” Id. The Court refused to open other judicial records where we were “unsure whether or not the opening of these additional records could have the effect of damaging or disrupting the judicial system.” Id.
We exercise the same restraint in the instant case. We have previously expressed our concern that “unless the [BJoard’s investigative files are held in confidence, many of those from whom the [Bjoard seeks information concerning applicants would be unwilling to candidly respond.” Florida Bd. of Bar Examiners re Rules of the Supreme Court Relating to Admissions to the Bar, 581 So.2d 895, 897 (Fla.1991). Here, the Board has only proposed that documents filed on an applicant’s behalf and which would be independently available to the applicant be accessible to the applicant without consent of the party submitting them. Documents not otherwise available to an applicant will still only be released with the written consent of the submitting party. Other documents in the possession of the Board shall remain confidential under the amended rule, and shall only be available to an applicant if tendered to the Board at an investigative or formal hearing. This is consistent with our prior interpretation of article I, section 14, id., and our previous determination that “[ljittle, if anything, would be gained from such a rule [making public the record of an applicant], and much could be lost.” Florida Bd. of Bar Examiners re Amendment to Rules Relating to Admission to the Bar, 451 So.2d 1384, 1384 (Fla.1984).
McFarlain also filed an objection to the change of fees proposed in article IV, section 4.e. This provision would increase the application fees from $2100 to $5000 for those applicants seeking readmission after disbarment or resignation pending diseiplin- *375 ary proceedings. McFarlain states no reason for his opposition to this fee increase. We conclude that the fee increase is justified by the expenses incurred by the Board when a former lawyer applies for readmission to the Bar. While the applicant seeking readmission bears the heavy burden of establishing rehabilitation, Florida Bd. of Bar Examiners re J.C.B., 655 So.2d 79, 80-81 (Fla.1995), the Board still must conduct an investigation and make a determination regarding the applicant’s character, fitness, and rehabilitation. See Fla.Bar Admiss.R., art. Ill, § 3.a. We find the Board’s other proposals to establish or increase fees similarly justified by the expenses incurred in each circumstance.
Accordingly, we amend and adopt the rules as reflected in the Appendix to this opinion. Underscoring indicates new language; strike-through type indicates deletions. The Board’s rationale is included only for explanation and guidance and is not adopted as an official part of the rules. These rules shall take effect upon the release of this opinion. The fees shall be applicable to all applications postmarked after April 1, 1996. Fees which are unrelated to the filing of an application shall be assessed under the new fee schedules if the event to which the fee applies occurs after April 1,1996.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.
APPENDIX
Article I, section 14 as it will appear:
Section 14. Ml information maintained by the Board in the discharge of those responsibilities delegated to it by the Supreme Court of Florida shall be confidential except as provided by these Rules or otherwise authorized by the Court. Ml matters including, but not limited to, registrant and applicant files, investigative reports, examination material, and interoffice memoranda shall be the property of the Supreme Court of Florida and the Board shall serve as the custodian of all such records.
The Board is authorized to disclose information relating to an individual registrant, applicant or member of The Florida Bar, absent specific instructions from the Court to the contrary in the following situations:
a. The name, date of birth, Social Security number and date of application for placement in a national data bank operated by or on behalf of the National Conference of Bar Examiners.
b. Upon written request from The Florida Bar for information relating to disciplinary proceedings, reinstatement proceedings or unauthorized practice of law investigations, provided, however, that information received by the Board under the specific agreement of confidentiality or otherwise restricted by law shall not be disclosed.
e. Upon written request from the National Conference of Bar Examiners, or from foreign bar admitting agencies, foreign bar associations, or other similar agencies, when accompanied by an authorization and release duly executed by the person about whom such information is sought, provided, however, that information received by the Board under a specific agreement of confidentiality or otherwise restricted by law shall not be disclosed.
d. Upon written request from registrants or applicants for copies of documents previously filed by them or on their behalf-with the Board with the written consent-of the party submitting such documents, and copies of any documents or exhibits formally introduced into the record at an investigative or formal hearing before the Board and the transcript of such hearings.
e. Upon written request from registrants or applicants for copies of documents filed on their behalf or at the request of the Board with the written consent of the party submitting such documents. If such documents would be independently available to the requesting registrant or applicant, then consent of the party submitting such documents shall be deemed waived.
*376 erf. Upon service of a subpoena issued by a Federal or Florida Grand Jury, or Florida State Attorney only in connection with a felony investigation, provided, however, that information otherwise restricted by law shall not be disclosed.
fig. Whenever any person intentionally and without authority discloses confidential information maintained by the Board, such persons may be in contempt of the Board. The Board shall report to the Supreme Court of Florida the fact that such person is in contempt of the Board for such proceedings against such person as the Court may deem advisable.
RATIONALE:
During the course of its background investigation on a bar applicant, the Board receives documents from third parties. Many of these documents would be independently available to an applicant upon proper request. These documents include: law school applications, loan applications, out-of-state bar admissions applications, police reports and driving records.
Pursuant to Article I, Section 14.d., such documents cannot be released to an applicant without the written consent of the third parties submitting such documents. The Board believes the consent of the third parties is an unnecessary burden if such documents are independently available to the requesting applicant. The Board, therefore, proposes an amendment to Article I, Section 14 which would eliminate the consent requirement in situations where the requested document(s) would be independently available to the requesting applicant from the third party. Article II, sections 1-5 as they will appear:
Section 1. Every law student intending to apply for admission to The Florida Bar shall, following the commencement of the study of law in an accredited law school, register with the Board by filing an Application for Admission to The Florida Bar (Form 1) as a registrant upon the forms supplied by the Board, including the documents and papers specified in Article IV, Section 5 except for the filing of the Certificate of Dean as specified in Article IV, Section 5.b.(4), payment of a fee of $400.00 $500.00 as specified in the provisions of Article V, Section 6 1 and submitting such other papers as may from time to time be reasonably required by the Board. The schedule of discounted fees set forth in Sections 2, 3 and 4 below are available to any law student who files an early registration. The Board will consider as timely filed any registration postmarked or received within the specified number of days following the commencement of the study of law.
Section 2. If a law student timely files an early registration within one hundred-eighty (180) 180 days following the commencement of the study of law as specified in Article V, Section 7 2, the filing fee shall be $60.00 $75.00.
Section 3. If a law student timely files an early registration within one hundred ninety-five (195) 195 days following the commencement of the study of law as specified in Article V, Section 8 3, the filing fee shall be $754)0 $100.00.
Section 4. If a law student timely files an early registration within two hundred-fifty (250) 250 days following the commencement of the study of law, as specified in Article V, Section ⅜ 4, the filing fee shall be $150.00 $200.00.
Section 5. A basic character and fitness investigation shall be conducted in areas of possible concern on each student registrant. The Board may at any time find it advisable to make further inquiry into the character, fitness and general qualifications of a registrant. In such case the registrant may be required to pay a fee of $100.00 $125.00 as is prescribed in Article V, Section Kfi fr In every such investigation and inquiry the Board shall have all of the powers given it in respect to inquiry and investigation of applicants for admission to the Bar. If, after such investigation and inquiry, the Board shall find that the registrant is unfit, or the Board is in doubt about the registrant’s fitness, such determination shall be certified to the Supreme Court and the Executive Director shall transmit the file and other available information to the Supreme Court for such action in the particular case as the Court deems appropriate.
*377 RATIONALE:
The proposed rule amendment would increase the fees applicable to student registrants. Please see the rationale under Article V below for justification of the Board’s proposed fee increases.
Article III, section 1 as it will appear:
Section 1. No applicant shall be admitted to the General Bar Examination unless he or she furnishes to the Board:
a. A sworn Application for Admission into the General Bar Examination attesting to graduation from a full-time accredited law school at a time when or within 12 months of such accreditation, or in the alternative, completion of the requirements for graduation from a full-time accredited law school at a time when such law school was accredited or within 12 months of such accreditation, and that such accredited law school has or, in the alternative, will confer upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence. The term “completed the requirements for graduation” refers to the time when completion of the requirements for graduation is recorded in the office of the law school dean or administrator. The term “accredited law school” has reference to any law school approved or provisionally approved by the American Bar Association. Results of the General Bar Examination shall be released pursuant to Article VI, Section 11 only to an applicant who has additionally furnished the Board with either a Certificate of Dean or an official final law school transcript which establishes that the law school graduation requirements were completed before the applicant submitted to the General Bar Examination. Failure to provide such additional document shall result in the impoundment of an applicant’s grades by the Supreme Court of Florida until such time as the additional document is furnished. Upon submission of such additional document and the payment of $100.00 as specified under Article V, Section 25, the Board shall request the Court to release the applicant’s impounded grades. None of the following shall be substituted for law school training:
(1) Rprivate study, correspondence school or law office training;
(2) Aage or experience;
(3) Wwaived or lowered standards of legal training for particular persons or groups.
b. For those applicants not meeting the requirements of Article III, Section l.a. the following requirements shall be met: (1) such evidence as the Board may require that such applicant was engaged in the practice of law in the District of Columbia or in other states of the United States of America, or in practice in federal courts of the United States or its territories, possessions or protectorates for at least ten 10 years, and was in good standing at the bar of the District of Columbia, or of the federal courts, or of the state in which such applicant practiced; and (2) a representative compilation of the work product in the field of law showing the scope and character of the applicant’s previous experience and practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, corporate charters or other working papers which the applicant considers illustrative of such applicant’s expertise and academic and legal training. sSuch representative compilation of the work product shall confine itself to the applicant’s most recent ten 10 years of practice and shall be filed at least 90 days prior to the administration of the Florida Bar Examination, notwithstanding the provisions of Article VI, Section 5. If a thorough consideration of such representative compilation of the work product shows that the applicant is a lawyer of high character and ability, whose professional conduct has been above reproach, and whose academic and legal scholarship conform to approved standards and sum up to the equivalent of that required of other applicants for admission to the Florida Bar Examination, the Board may, in its discretion, admit such applicant to the General Bar Examination and accept score reports directed to the Board from the National Conference of Bar Examiners or its designee. In evaluating academic and legal scholarship the Board is clothed with broad discretion.
*378 RATIONALE:
Following the last two administrations of the bar examination, it was necessary for the Board to request the Court to impound the grades for 98 bar applicants for failure to comply with this rule provision. Significant effort is required by the Board in preparing, verifying and double checking the recommended impoundment list. Once grades are impounded by the Court, additional effort is required by the Board to track such files to ensure the prompt release of the impounded grades upon an applicant’s submission of a Certificate of Dean or an official final law school transcript. The proposed fee will recover a portion of the administrative expenses associated with such files.
Bar applicants are amply notified of the need to comply with the requirement of this rule provision. The Application for Admission into the General Bar Examination contains the following warning: “Proof of completion of requirements for graduation will be required before release of examination grades.” Additionally, examinees who have not provided the required proof are notified by the Board in writing of such deficiency on, at least, two occasions prior to impoundment of their grades.
Article III, section 2 as it will appear:
Section 2.
a. No person shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar unless such person first produces satisfactory evidence to the Board of good moral character and an adequate knowledge of the standards and ideals of the profession and that such person is otherwise fit to take the oath and perform the obligations and responsibilities of an attorney.
b. The primary purposes of character and fitness screening before admission to The Florida Bar are to assure the protection of the public and safeguard the justice system. An attorney should be one whose record of conduct justifies the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them. A record manifesting a deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for denial of admission.
The revelation or discovery of any of the following may be treated as cause for further inquiry before the Board decides whether the applicant possesses the character and fitness to practice law:
(1) unlawful conduct;
(2) academic misconduct;
(3) making or procuring any false or misleading statement or omission of relevant information, including any false or misleading statement or omission on the Application for Admission to The Florida Bar, or any amendment, or in any testimony or sworn statement submitted to the Board;
(4) misconduct in employment;
(5) acts involving dishonesty, fraud, deceit or misrepresentation;
(6) abuse of legal process;
(7) neglect of financial responsibilities;
(8) neglect of professional obligations;
(9) violation of an order of a court;
(10) evidence of mental or emotional instability;
(11) evidence of drug or alcohol dependency;
(12) denial of admission to the bar in another jurisdiction on character and fitness grounds;
(13) disciplinary action by a lawyer disciplinary agency or other professional disciplinary agéney of any jurisdiction;
(14) any other conduct which reflects adversely upon the character or fitness of the applicant.
c.The Board shall determine whether the present character and fitness of an applicant qualify the applicant for admission. In making this determination, the following factors should be considered in assigning weight and significance to prior conduct:
(1) the applicant’s age at the time of the conduct;
(2) the recency of the conduct;
(3) the reliability of the information concerning the conduct;
*379 (4) the seriousness of the conduct;
(5) the factors underlying the conduct;
(6) the cumulative effect of the conduct or information;
(7) the evidence of rehabilitation;
(8) the applicant's positive social contributions since the conduct;
(9) the applicant’s candor in the admissions process;
(10) the materiality of any omissions or misrepresentations.
No person shall be recommended for admission to The Florida Bar who has not reached the age of eighteen 18 years.
d. An applicant may withdraw an application for admission to The Florida Bar at any time; provided, however, in such event the Board may continue its investigative and adjudicatory functions to conclusion.
e. Alternatively, an applicant may withdraw with prejudice an application for admission to The Florida Bar. The Board shall accept the withdrawal with prejudice and shall immediately dismiss its investigative and adjudicatory functions. An applicant who files a withdrawal with prejudice shall be permanently barred from filing a subsequent application for admission to The Florida Bar.
f. A person who has been disbarred from the practice of law or has resigned pending disciplinary proceedings in a foreign jurisdiction shall not be eligible to apply for admission to The Florida Bar or the Florida Bar Examination for a period of five 5 years from the date of disbarment or 3 years from the date of resignation or such longer period as set by the foreign jurisdiction for readmission to the foreign jurisdiction.
g. A person who has been suspended for disciplinary reasons from the practice of law in a foreign jurisdiction shall not be eligible to apply for admission to The Florida Bar or the Florida Bar Examination until expiration of the period of suspension.
h. A person who has been convicted of a felony shall not be eligible to apply for admission to The Florida Bar or the Florida Bar Examination until such person has had his or her civil rights restored.
i.A person who is serving a sentence of felony probation regardless of adjudication of guilt shall not be eligible to apply for admission to The Florida Bar or the Florida Bar Examination until termination of the period of probation.
RATIONALE:
Pursuant to a published opinion of the Court and the practice of the Board, disbarred attorneys under this rule provision also include attorneys who resigned pending disciplinary proceedings. See Florida Bd. of Bar Examiners re R.L.V.H., 587 So.2d 462 (Fla.1991); Fla. Bar Admiss.R., art. IV, § 4.b. The proposed rule amendment codifies the Court’s opinion and the Board’s practice. The minimum three years disqualification period is consistent with the Florida provision for a disciplinary resignation. R. Regulating Fla. Bar 3-7.10(m).
Article III, section 3 as it will appear:
Section 3.
a. Prior to recommending an applicant for admission to practice the profession of law in Florida, the Florida Board of Bar Examiners shall conduct an investigation and otherwise inquire into and determine the character, fitness and general qualifications of every applicant. In every such investigation and inquiry, the Board may obtain such information as bears upon the character, fitness and general qualifications of the applicant and take and hear testimony, administer oaths and affirmations, and compel by subpoena the attendance of witnesses and the production of books, papers and documents. Any member of the Board may administer such oaths and affirmations. Such investigations and inquiries shall be informal, but they shall be thorough, with the object of ascertaining the truth. Technical rules of evidence need not be observed. Any investigative hearing for such purpose may be held by a division of the Board consisting of no fewer than three 3 members of the Board. Any applicant requested to appear for an investigative hearing shall pay the administrative cost of $80 as specified under Article V, Section 16. Postponement of a previously scheduled investigative hearing shall be for good cause only and shall be subject to the fees as specified under Article V, Section 18. *380 Each division shall record its proceedings and shall report its recommendations to the full Board.
An applicant who has been requested to appear for an investigative hearing by Board letter shall promptly respond to such letter. Failure to respond within 60 days shall result in termination of that application and shall require reapplication and payment of all fees as if the applicant were applying for the first time.
In cases where the facts are undisputed regarding an applicant’s prior conduct which bears adversely upon such person’s character and fitness for admission to the Bar, the Board may forgo an investigative hearing and proceed directly with the filing of Specifications as provided by Section b.(3) below.
b. Following an investigative hearing, the Board shall determine that:
(1) Shat the applicant has established his or her qualifications as to character and fitness; or
(2) That further investigation into the applicant’s character and fitness is warranted; or
(3) That Specifications be filed charging the applicant with matters which if proven would preclude a favorable finding by the Board.
c. In lieu of the fifing of Specifications pertaining to drug, alcohol or psychological problems, the Board in exceptional cases may enter into a Consent Order with the applicant. In a Consent Order, the Board is authorized to recommend to the Court for admission the applicant who has agreed to abide by specified terms and conditions upon admission to The Florida Bar. If the Court accepts the Board’s recommendation, the Order of admission shall be made as set out in Article VII, Section 1.
If the applicant is granted admission by the Court pursuant to a Consent Order, then the terms and conditions of the applicant’s admission shall be administered by The Florida Bar. The Board shall provide access to The Florida Bar all information gathered by the Board on a conditionally admitted applicant except information received by the Board under a specific agreement of confidentiality or otherwise restricted by law. If the applicant shall fail to abide by the terms and conditions of admission, then The Florida Bar is authorized to institute such proceedings consistent with the Rules Regulating The Florida Bar as to revocation of the license issued to the applicant pursuant to the Consent Order. The Board shall be notified of any disciplinary proceedings and shall have access to all information relating to the administration of a conditional admission, except information received by The Florida Bar under a specific agreement of confidentiality or otherwise restricted by a law.
d. If Specifications are prepared and served upon an applicant, the applicant shall file an answer to the Specifications within 20 days from receipt of the Specifications. If an applicant fails to file an answer to the Specifications within such time or within any extension of that time allowed by the Board, the Specifications shall be deemed admitted and the Board shall enter findings of fact, finding the Specifications proven, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to The Florida Bar.
e. After a timely answer to Specifications has been filed, the Board shall notify the applicant of the dates and locations available for the formal hearing on the Specifications. The applicant shall pay the administrative cost of $300 as set forth in Article V, Section 17. Postponement of a previously scheduled formal hearing shall be for good cause only and shall be subject to the fees as specified under Article V, Section 19. aad-tThe applicant and the Board shall agree on a date and location for the hearing. If the applicant fails to agree on one of the dates and locations proposed by the Board, the Board shall set the date and location of the hearing. If the applicant, without good cause, fails to attend the formal hearing, the Specifications shall be deemed admitted and the Board shall enter findings of fact, finding the Specifications proven, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to The Florida Bar.
*381 f.Formal hearings held in response to Specifications shall be conducted before a quorum of the Board which shall consist of not less than five 5 members. The formal hearing panel shall consist of members of the Board other than those who participated in the investigative hearing. This provision may be waived with the consent of the applicant. The weight to be given all testimony and exhibits received in evidence at a formal hearing shall be considered and determined by the Board. The Board is not bound by technical rules of evidence at a formal hearing. Following the conclusion of a formal hearing, the Board shall expeditiously make its findings of fact and conclusions of law which shall include one of the following:
(1) A recommendation that the applicant be admitted to The Florida Bar; or
(2) A recommendation that the applicant not be admitted to The Florida Bar; or
(3) After the filing of Specifications and, in lieu of a recommendation that the applicant not be admitted to The Florida Bar based upon drug, alcohol or psychological problems, the Board in exceptional cases may make a recommendation that the applicant be conditionally admitted to The Florida Bar upon such terms and conditions as specified by the Board. If the Court accepts the Board’s recommendation, then the terms and conditions of the applicant's admission shall be administered by The Florida Bar as provided in Section 3.c. above; or
(4) A recommendation that the applicant’s admission to The Florida Bar be withheld for a specified period of time not to exceed two 2 years to allow the applicant to establish rehabilitation. At the end of the specified period of time, the Board shall recommend the applicant’s admission barring subsequent disclosure of matters adversely reflecting upon the applicant’s character or fitness.
The applicant shall be notified promptly by the Board of its findings of fact and recommendation, which action shall be subject to review by the Court as specified under Article III, Section 4.b.
g. If sufficient time has not passed since the occurrence of the behavior described in one or more of the Specifications sustained to permit the Board to determine whether the applicant has established his or her qualifications and what recommendations the Board would make to the Supreme Court of Florida, the Board may petition the Supreme Court of Florida for a reasonable extension of time for further investigation, not to exceed one 1 year after the conclusion of the formal hearing. If an extension is granted, the Board may continue its investigation or otherwise acquire such additional information as is needed to permit it to make its final decision. The applicant shall be notified of any petition for extension and shall be given an opportunity to show cause why the extension should not be granted.
h. Counsel for the Board and an applicant may waive a formal hearing and enter into a proposed consent judgment. Such consent judgment shall contain a proposed resolution of the case pursuant to one of the recommendations specified in Section 3.f. above. If the consent judgment is approved by the full Board, then the case shall be resolved in accordance with the consent judgment without further proceedings.
RATIONALE:
Currently, the Board only assesses an administrative fee of $55.00 for applicants appearing for an investigative hearing. The proposal would increase such fee to $80.00 which is still substantially less than the estimated cost of conducting an investigative hearing. The proposal also authorizes an administrative fee of $300.00 for a formal hearing for which there is no current fee. The recommended fee is also substantially less than the estimated cost of conducting a formal hearing. A similar administrative fee of $750.00 (in addition to other specified costs) is authorized in disciplinary and reinstatement cases involving The Florida Bar. See R. Regulating Fla. Bar 3-7.6(o)(l)(I) and 3-7.10(o)(l)(I).
The proposal also addresses a recurring problem involving requests for continuance of previously scheduled investigative and formal hearings. The proposed rule amendment places bar applicants on notice that postpone *382 ment of a hearing will be for good cause only and will also result in a postponement fee as set forth in Article V, Sections 18 and 19. Due to factors such as advance copying of reports and exhibits, travel arrangements, confirmation of meeting rooms, the use of emeritus members and the prohibition against members of an investigative hearing panel sitting on a formal hearing panel for the same applicant, it is essential for the Board to have a firm hearing schedule well in advance of a particular Board meeting. A continuance of a previously scheduled hearing places a significant burden on the Board in revising the schedule of hearings so as to maximize the effective use of Board members’ time at a meeting.
Article III, section 4 as it will appear:
Section 4.
a. Any applicant who is dissatisfied with the Board’s recommendation concerning his or her character, fitness or general qualifications, may, within sixty (60) 60 days after notice of the Board’s recommendation, file with the Board a petition for reconsideration with a fee of $100.00 $125.00 as specified under the provisions of Article V, Section 11 21. The petition must contain new and material evidence which by due diligence could not have been produced at the formal hearing. Evidence of rehabilitation as provided by Article III, Section 4.e. of the Rules shall not be included in a petition for reconsideration. Only one such petition for reconsideration may be filed.
b. Any applicant or student registrant who is dissatisfied with the Board’s recommendation concerning such applicant’s or registrant’s character and fitness may file an appropriate petition with the Clerk of the Supreme Court of Florida, within a period of sixty (60-) 60 days after receipt of the Board’s recommendation. A copy of such petition shall be served upon the Executive Director of the Board. Unless otherwise required, the Board’s response shall be filed with the Supreme Court within 25 days after service of the petition. At the time of the filing of the Board’s response, the Executive Director shall place the record of the formal hearing with the Supreme Court, and the Court shall decide whether such applicant or student registrant meets the character and fitness requirements. Final action of the Court shall be duly entered in the minutes thereof.
c. An applicant who has been refused a favorable recommendation by the Board through the filing of Findings of Fact and Conclusions of Law which has not been reversed by the Supreme Court of Florida shall not be eligible for admission to any subsequent administration of any part of the Florida Bar Examination until such applicant receives a favorable recommendation by the Board or a favorable decision by the Supreme Court of Florida as to character and fitness; provided, however, that any such applicant who received a passing score on any part of the Florida Bar Examination administered prior to the filing of the Board’s Findings of Fact and Conclusions of Law shall be entitled to retain that passing status for the applicable part for the time period provided under Article VI, Section 9.
d. Any applicant who has been refused a favorable recommendation by the Board or any applicant or student registrant who has proceeded through the provisions of subsection b. above and is the recipient of final action by the Supreme Court of Florida either denying an applicant’s admission or finding a student registrant to be unfit for admission may, after two 2 years from the date the Board delivered its adverse finding, file an appropriate petition with the Clerk of the Supreme Court of Florida in an attempt to show sufficient rehabilitation to warrant a review of the Board’s findings or the reevaluation by the Court of its final action. In a case where the Board found that the applicant has made material misrepresentations or false statements in the application process, then the Board may within its discretion recommend that the applicant be disqualified from petitioning the Court for a period greater than two 2 years up to five 5 years. She Court -shall fix all-investigatwe-costs-to be borne by-the petitioner and remitted If the Court finds the petition to be sufficient, it shall remand the case to the Florida Board of Bar Examiners, which Board shall serve as the Court’s investigative arm in such matters. Upon payment of a fee of $1800.00 as *383 specified under Article V, Section 10, the Board shall initiate a character and fitness investigation and shall file its report and recommendation with the Court. In issuing a judgment adverse to an applicant or student registrant, the Court shall fix the date after which subsequent petitions may be filed with the Court.
e. Any applicant or student registrant who, in any formal hearing held in response to Specifications pursuant to Article III, Section 3 or in any proceeding held before the Board pursuant to Article II, Section 5 or Article III, Section 4.d., affirmatively asserts rehabilitation from prior conduct which bears adversely upon such person’s character and fitness for admission to the Bar shall be required to produce clear and convincing evidence of such rehabilitation including, but not limited to, the following elements:
(1) Strict compliance with the specific conditions of any disciplinary, judicial, administrative or other order, where applicable;
(2) Unimpeachable character and moral standing in the community;
(3) Good reputation for professional ability, where applicable;
(4) Lack of malice and ill feeling toward those who by duty were compelled to bring about the disciplinary, judicial, administrative or other proceeding;
(5) Personal assurances, supported by corroborating evidence, of a desire and intention to conduct one’s self in an exemplary fashion in the future;
(6) Restitution of funds or property, where applicable;
(7) Positive action showing rehabilitation by such things as a person’s occupation, religion, community or civic service. Merely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society. The requirement of positive action is appropriate for applicants for admission to the Bar because service to one’s community is an implied obligation of members of the Bar.
RATIONALE:
The proposed rule amendment would increase the fee applicable to a petition for reconsideration. Please see the rationale under Article V below for justification of the Board’s proposed fee increases.
In rehabilitation eases between 1981 and 1989, the Court required applicants in such cases to remit to the Board a costs deposit of $1000. In March 1989, the Court increased the costs deposit to $1500. The proposed rule amendment replaces the Court’s practice of imposing a standard costs deposit with a standard fee. The rule proposal will thus provide notice to applicants of the fixed fee. The proposal also sets the fee at $1800.
The fee in rehabilitation cases was last increased in 1989. In every rehabilitation case since 1989, the Board has incurred investigative costs greater than the current deposit of $1500.
Article IV, section 1 as it will appear:
Section 1. Applications shall consist of:
a. Aan Application for Admission into the General Bar Examination (Form 1-A) and;
b. an Application for Admission to The Florida Bar (Form 1 or Form 2, as applicable).
Although the Application for Admission into the General Bar Examination and the Application for Admission to The Florida Bar are entirely independent of each other, applicants are advised that the character and fitness investigation conducted by the Board in conjunction with the Application for Admission to The Florida Bar is detailed and may require 6-8 months for all facts to be marshalled and a recommendation reached by the Board. Therefore, law students are encouraged to file for admission to the Bar when entering their senior year in law school to assure completion of all character and fitness related matters at the time of grade release of the first examination following graduation. All applicants are required to file fully completed applications and to be responsive to Board requests for further in *384 formation in order to assure orderly processing of the files.
Applications for Admission into the General Bar Examination and to The Florida Bar shall be made upon forms supplied by the Board pursuant to Article V, Section 40 13.
Bar applications (Form 1 or Form 2) filed in a defective condition, e.g., without notarization, or supporting documents, or having blank or incomplete items on the application, shall be accepted but a fee of $-75.00 $250.00 as specified under Article V, Section 5 12 shall be assessed.
The Application for Admission to The Florida Bar must be filed not later than 480 90 days from the date of the notice that success has been attained on all parts of the Florida Bar Examination (General Bar Examination and Multistate Professional Responsibility Examination — MPRE) as provided under Article VI, Section 9.b.
Note: Applications for the Multistate Professional Responsibility Examination (MPRE) are filed with the appropriate agency of the National Conference of Bar Examiners. Fees required for that administration shall be paid to the agency administering the examination.
RATIONALE:
The increase for the defective filing fee addresses an ongoing problem for the Board. Applications filed in a defective condition can cause significant delays in the orderly processing of files and add significant costs to the Board. In addition to recovering some of the administrative costs associated with the processing of such files, the fee is also intended to encourage the filing of applications in a complete and accurate condition.
The reduction from 180 days to 90 days to file a bar application after successful completion of the bar examination addresses another continuing problem for the Board. Currently, the Board must maintain separate records and send out written notices on a regular basis to those applicants who have passed the bar exam but who have failed to file their bar application. The rule proposal will significantly reduce the separate record keeping and the administrative follow-up (in-eluding monthly written reminders) required on such files. The Board views 90 days as more than ample for applicants to prepare and file the required bar application even assuming that they only commence such task after receiving notice of successful completion of the bar examination.
Article IV, section 2 as it will appear:
Section 2.
a. The Board shall not recommend to the Court for admission any applicant whose Application for Admission to The Florida Bar has been on file for more than three 3 years without reinvestigation into the applicant's character and fitness as necessary to bring the investigation to a current status. The applicant shall be required to file a new Application for Admission to The Florida Bar answering each item for the period of time from the filing of the original application to the date of the filing of the new application including current references and a fingerprint card which shall be accompanied by:
(1) a fee of $350,00 $425.00 as provided by Article V, Section 3 11 of the Rules if the new application is filed within five 5 years of filing the original application, or
(2) a fee as provided under Article V, Sections 4 7 or ⅞⅜ 8 if the new application is filed more than five 5 years after filing the original application.
b. The Board shall not recommend to the Court for admission any applicant whose notice of successful completion of the Florida Bar Examination has been on file more than five 5 years without reapplication for admission to the Florida Bar Examination and successful completion of all of the examination.
c. The Application for Admission to The Florida Bar must be vigorously pursued by the applicant. Failure to respond to inquiry from the Board within 90 days may result in termination of that application and require reapplication and payment of all fees as if the applicant were applying for the first time.
RATIONALE:
The proposed rule amendment would increase the fee when the filing of an updated bar application is required. Please see the *385 rationale under Article V below for justification of the Board’s proposed fee increases. Article IV, section 3 as it will appear:
Section 3. Applicants for admission into the General Bar Examination and applicants for admission into The Florida Bar who have not been admitted to the Bbar in any jurisdiction for a period in excess of twelve 12 months preceding the filing of an Application for Admission to The Florida Bar (time spent in military service of the United States not to be reckoned as part of said twelve 12 months) shall accompany the initial application with: a fee of $325.00, as-specified under Article V, Seetion-l, and such other-registration fee-as required under Article I-h
a. a fee of $375.00, as specified under Article V, Section 6, if a registration fee has been paid previously; or
b. a fee of $875.00, as specified under Article V, Section 7, if a registration fee has not been paid previously.
RATIONALE:
The proposed rule amendment is housekeeping in nature and replaces the current reference to “such other registration fee” with the specific amount of the fee.
Article IV, section 4 as it will appear:
Section 4. All applicants for admission into the General Bar Examination and applicants for admission into The Florida Bar except those described in Article IV, Section 3 shall accompany the initial application with:
a= — a-fee of- $12004)0,--as specified under Article V, Section-⅞⅛-or)
fe — a fee of $2100.00, as specified under Article V, Section 2.b. if applying for read-missies — after—disbarment—er—resignation pending- disciplinary -proceedings in Florida or if applying for admission-after disbarment or resignation-pending disciplinary-proceedings in any other jurisdiction,
a. a fee of $1300.00, if the applicant has been admitted to the practice of law for less than 5 years, as specified under Article V, Section 8.a.; or
b. a fee of $1600.00, if the applicant has been admitted to the practice of law for a period of 5 years, but less than 10 years, as specified under Article V, Section 8.b.; or
c. a fee of $2000.00, if the applicant has been admitted to the practice of law for a period of 10 years, but less than 15 years, as specified under Article V, Section 8.c.; or
d. a fee of $2500.00, if the applicant has been admitted to the practice of law for a period of 15 or more years, as specified under Article V, Section 8.d.; or
e. a fee of $5000.00, as specified under Article V, Section 9 if the applicant is applying for readmission after disbarment or resignation pending disciplinary proceedings in Florida or is applying for admission after disbarment or resignation pending disciplinary proceedings in any other jurisdiction; or
f. a fee of $1800.00 as specified under Article V, Section 10 for those applicants asserting rehabilitation from prior conduct which caused denial of admission by the Board or the Supreme Court as specified in Article III, Section 4.d.
RATIONALE:
The proposed rule amendment creates a multiple fee schedule for out-of-state lawyers seeking admission to The Florida Bar based on the number of years admitted. The fee of $1300.00 for the first tier represents a $100 increase from the fee currently assessed practicing attorneys.
The progressive assessment of fees is similar to membership dues for the American Bar Association which range from $50.00 (for 1, 2 or 3 years since original bar admission) to $275.00 (for ten years or more since original bar admission). Furthermore, the cost of the Board’s background investigation for out-of-state attorneys often increases in relationship to the number of years such attorneys have been admitted in their respective, foreign jurisdictions.
Regarding the increase to the fee for disbarred lawyers or lawyers who resigned pending disciplinary proceedings, the Board must conduct an investigation and determination of such former lawyers’ character, fitness, and rehabilitation. See, e.g., Florida Bd. of Bar Examiners re J.C.B., 655 So.2d 79 (Fla.1995). Such investigations will often include an investigative hearing and such de *386 terminations will always include a formal hearing. For the last three disbarred attorneys appearing for formal hearings, the Board incurred estimated costs of just over $15,000. Those costs do not include salaries or legal fees of the attorneys who handled such cases on the Board’s behalf.
For the justification of the $1,800 fee for applicants asserting rehabilitation, please see the rationale under Article III, Section 4.d. above. For justification of the Board’s proposed fee increases, please see the rationale under Article V below.
Article IV, section 5 as it will appear:
Section 5.
a. Each Application for Admission into the General Bar Examination, as an integral part thereof, must be accompanied by the following:
(1) Aa photograph, 2" by 2”, made within sis 6 months prior to the filing of the application;
(2) Gone (1) complete set of fingerprints taken and certified by an authorized law enforcement officer; and
(3) Ssuch supporting documents or additional information as may be required on the forms supplied by the Board.
b. An Application for Admission to The Florida Bar must be filed not later than 48Q 90 days from the date of notice from the Board that success has been attained on all parts of the Florida Bar Examination. The Application for Admission to The Florida Bar shall not be deemed complete until all of the following items have been received by the Board:
(1) lif the applicant is not a natural born citizen of the United States and indicates a name change at the time of naturalization, evidence of naturalization satisfactory to the Board that such name change occurred;
(2) lif the applicant has been admitted to the practice of law in one or more jurisdictions, evidence satisfactory to the Board that the applicant is of good standing in such jurisdictions and a copy of the application for admission filed in each such jurisdiction;
(3) Aan authorization and release on a form supplied by the Board requesting and directing the inspection and furnishing to the Board, or any of its authorized representatives, all relevant documents, records or other information pertaining to the applicant and releasing any person, firm, officer, corporation, association, organization or institution from any and all liability in respect to such inspection or the furnishing of any such information;
(4) Aa Certificate of Dean (Form No. 3) certifying the applicant’s graduation from a full-time accredited law school, as provided under the provisions of Article III, Section l.a.;
(5) Aan official transcript of academic credit certifying that the applicant has received the degree of Bachelor of Laws or Doctor of Jurisprudence as specified under Article III, Section l.a., which transcript must come directly from the awarding institution;
(6) ©official transcripts from all post-secondary institutions attended, which transcript must come directly from the awarding institutions;
(7) ^supporting documents and other information as may be required in the forms supplied by the Board and other such documents as the Board may, in addition, from time to time reasonably require;
(8) Aan affidavit on a form supplied by the Board attesting that the applicant has read Chapter 4, Rules of Professional Conduct, and Chapter 5, Rules Regulating Trust Accounts, of the Rules Regulating The Florida Bar; and
(9) Aa certificate supplied by the agency administering the Multistate Professional Responsibility Examination (MPRE) bearing a successful score attained on the MPRE to be forwarded directly to the Florida Board of Bar Examiners by the designee of the National Conference of Bar Examiners.
RATIONALE:
The proposed rule amendment implements the reduced time period for filing a bar appli *387 cation following successful completion of the bar examination. For the rationale for such reduction, please see Article IV, Section 1 above.
Article IV, section 7 as it will appear:
Section 7. Applicants seeking postponement of their submission to Part A or Part B of the General Bar Examination shall be permitted to do so upon payment of:
a. a fee of $50.00 $75.00 as specified under Article V, Section 44⅜ 24a., if a written notice of postponement is received at least seven (7) 7 days in advance of the commencement of the administration of such examination; or
b. a fee of $75.00 $150.00 as specified under Article V, Section 444¾ 24.b„ if a written notice of postponement is received thereafter but preceding the deadline for filing for the next administration of such examination.
All such applicants who have previously postponed their submission to Part A or Part B of the General Bar Examination must bring their applications to current status by the filing of another examination application by the deadline as specified under the provisions of Article VI, Section 5.
RATIONALE:
The proposed rule amendment would increase the fees applicable to postponement of submission to the bar examination. Please see the rationale under Article V below for justification of the Board’s proposed fee increases.
Article IV, section 8 as it will appear:
Section 8. If the applicant has filed an Application for Admission to The Florida Bar as a registrant as required by Article II, Section 1, the provisions of Article IV, Section 5 shall be inapplicable but in such case the applicant shall, not later than 480 90 days from the date of notice that success has been attained on the Florida Bar Examination, file a supplement (Form 2) to said application for admission upon forms supplied by the Board, and upon the filing of such supplement, the said application for admission filed as a registrant and all documents, records, information, and every other portion of the file shall be deemed converted into and shall thereupon be an application for admission to The Florida Bar. The Board may require the applicant to furnish such additional or supplemental information as the Board deems reasonable and necessary in the consideration of the Application for Admission to The Florida Bar.
RATIONALE:
The proposed rule amendment implements the reduced time period for filing a bar application following successful completion of the bar examination. For the rationale for such reduction, please see Article TV, Section 1 above.
Article TV, sections 12 and 13 as they will appear:
Seetion -12, — Any applicant or student registrant who is dissatisfied-with an-administrative ruling of the Board not covered by-Article HI, Section -47 may — within thirty (30) days after-receipt-of written notice of the Board’s action, file-with-the Board a petition for reconsideration with-a fee of $30.00 as specified under- the previsions of Article V, Section 12. ■ -Only one such petition for reconsideration may be filed.
The petition must refer only to an administrative ruling by the Board and-contala new and additional matter which the Board -has not previously considered-
Section 43,12. If any applicant or student registrant shall be dissatisfied with an administrative ruling of the Board not covered by Article III, Section 4, such applicant or student registrant may, within thirty (30) 60 days after receipt of written notice of the Board’s action, file an appropriate petition with the Clerk of the Supreme Court of Florida for review of the Board’s action. A copy of any such petition shall be served upon the Executive Director of the Board. The Board shall have twenty-five (25) 25 days after the service of said copy on the Executive Director in which to file a response to the petition with the Clerk of the Supreme Court of Florida and shall serve a copy thereof upon the applicant or student registrant. Thereafter, the matter shall be disposed of as the Court directs and any final *388 action of the Court shall be duly entered in the minutes thereof.
RATIONALE:
The proposed rule amendment is housekeeping in nature in that it deletes the current separate section on petitions for reconsideration and consolidates such section with the section on petitions for waivers under Article V, Section 15 below. The enlargement of the time to seek review in the Supreme Court from 30 days to 60 days conforms such time period to the other Supreme Court review provision under Article III, Section 4.b.
ARTICLE Y. SCHEDULE OF FEES
Fees are subject to change by published order of the Supreme Court of Florida. The following fees, none of which will be refunded, shall be paid by the applicant.
Section — 1.—The-application of applicants described in Article IV,-Section-3, shall be accompanied by a fee of ..⅛.. — $325.00.
Section 2.
& — The application of applicants described in Article IV, Section 4.a-.T shall be accompanied by a fee of.$1200.00.
& — The-applieation of applicants described in Artiele-IV, ■ Section 4.b-rshall be accompanied by a-fee of .$21004)&
Section — 3,—The—application—form—de-scribed in Article IV, Section 2.a,(l) shall-be accompanied by a-fee of.$350*00,
Section 4, — Fees for late-filing-for admission to the General-Bar Examination as provided under Article VI, Section-5, herein shá-11-be:
a* — As-provided by Artiele-VI, Section 5(a) ,, —$75.00,
b, — As provided-hy-Arfeicle VI, Section 5(b) .. . $225.00.
c, — As provided-by Article VI, Section 5(c) ,,. ..I $450.00.
d, — As-provided by Article VI, Section 5(d-) ,-.,. $850.00.
Section-5. — For-an Application for Admission to The FIorida-Bar -filed in-a defective condition -as -described in Article IV, Section ■1,-the-applicant shall-pay a-fee of -. $75d)Q,
Section-6. — The Application for Admission to-The Florida Bar filed as a registrant as required by Article II, Section 1 — -shall be accompanied by a fee- of . ——.... —-$400.00.-
Section 7. — The registration filed early as provided -in Article II, Section 2, shall be accompanied by a-fee of ..$60.00.
Section 8. — The-registration filed- early as provided in Article-II, Section 3r shall be accompanied by a fee of. $75.00.-
Section-9, — The registration filed early as provided in Article II, Section 4, — shall be accompanied-by a-fee of . — ..-. $150.00.
Section-10, — For the investigatien-and inquiry provided in ^Article -I-I, Section 5, the registrant — shall pay- a fee of .. $100,00,
Section-11. — A petition fdr-reconsideration as-provided-under — the provisions of Article III, Section 4a., shall be accompanied by a fee-of-... ,.. $100.00.
Section42, — A petition for reconsideration of-a ruling- by the Board involving-the suspension or-waiver of-any rule or regulation or an- order -issued by the Board relating to matters other than a registrant’s-or applicant’s character, fitness or-general-qualifications, shall be accompanied by -a fee of .$30.00.
Section-13, — For each examination- administration entered after the-first which must be-paid by-the deadlines prescribed ⅛ Article VI, Section-5) a fee of .... $3-10.00,
The term “administration” refers to any one-of the -two annual presentations-specified under Article VI, -Section — 4.—The second presentation entered, whether- to repeat a part or parts of the examination or attempt a part or parts-of the: examination for the first time, requires payment of this- fee.
Section -14. — Fees for postponement-of admission to-the General Bar Examination as provided under Article-IV,-Section ⅝ herein shall be:
a, — As provided hy^-Article-IV, Section 7a .$50.00.
*389 fe, — As provided by-Article IV, Section 7b .$75.00.
Section 15. — Petitions or requests relating to or involving-a suspension or waiver of any rule,-regulation or order shall be-accompanied by-a fee of.$35.00,-
Section 16. — The cost of a transcript-or any record or-doeument reasonably-required fey the-Board in the conduct- of investigative or adjudicatory functions into the-character and -fitness of an applicant-or a-registrant shall-fee-paid by such applicant or-registr-aat.
Section 17. — Upon-a showing-of actual or anticipated extraordinary — expenditures by the-Board, the Court may-order-any appli-eant-or-registrant to-pay over to-the Board additional sums including -Board-attorney’s fees or- compensation- neeessary in the conduct of-an inquiry-and investigation into the character and fitness and general-qualifiea-tions-of-such applicant or registrant-including the procurement and presentation of evidence-and testimony at a formal hearing held in response to-Speeifications.
Section 18. — Each-request for a copy of any document or portion-thereof, except for ■Form -No. 1,-Application — for Admission to The F-lerida--Bar, filed by an applicant in the course of such applicant’s seeking-admission to the General-Bar Examination or-The Florida Bar or for any-certificate of the Board shall be accompanied by a fee of $20.00 for the first page- and $.40 for each additional page. — Each request for a copy of the Form No. 1, Application for-Admission-to-The-Fior-ida-Bar, shall be accompanied by-a fee-of $25,Qfo
Section 19. — Requests-for copies of the application forms for-admission to the General Bar Examination and for-admission to The ■Florida- Bar filed by-persons other than students matriculating-at the-Iaw schools within the State of Florida, the deans and librarians of such Florida-law schools, and-any other persons to be designated by the Board, shall be accompaiued by a fee of $40,00. — Any person-having paid this fee shall have a-like amount deducted from any application-fee which-is paid-within one year from the-receipted date of the payment-of this-fee,
Section 20. — The-Board-shall honor' requests received-in writing for- copies- of the essay-type questions — which appeared on a previously administered General Bar Examination. Each such-request-shall be-aecompa-nied by a fee of ..$20.00.
Section 21. — Each-request-drom-an applicant for a copy of such applicant’s answers to essay-type questions from a single General Bar Examination shall-be accompanied by a fee of .. .-■.. $45.00.
Section 22, — The -examinees using-a typewriter to-complete answers -to-the essay portions-of — the-General-Bar Examination shall pay a-fee of.$75.00-
Section 1. The Application for Admission to The Florida Bar filed as a registrant as required by Article II, Section 1 shall be accompanied by a fee of.$500.00.
Section 2. The registration filed early as provided in Article II, Section 2 shall be accompanied by a fee of. $75.00.
Section 3. The registration filed early as provided in Article II, Section 3 shall be accompanied by a fee of.$100.00.
Section 4. The registration filed early as provided in Article II, Section 4 shall be accompanied by a fee of.$200.00.
Section 5. For the investigation and inquiry provided in Article II, Section 5, the registrant shall pay a fee of . $125.00.
Section 6. The application of applicants described in Article IV, Section 3.a. shall be accompanied by a fee of.$375.00,
Section 7. The application of applicants described in Article IV, Section 3.b. shall be accompanied by a fee of.$875.00.
Section 8. The application of applicants described in Article IV, Section 4 shall be accompanied by a fee of:
a. as provided by Article IV, Section 4.a. .$1300.00.
b. as provided by Article TV, -Section 4.b. .$1600.00.
c. as provided by Article IV, Section 4.c. .$2000.00.
*390 d. as provided by Article IV, Section 4.d. .$2500.00.
Section 9. The application of applicants described in Article IV, Section 4.e. shall be accompanied by a fee of . $5000.00.
Section 10. The application of applicants described in Article IV, Section 4.f. shall be accompanied by a fee of . $1800.00.
Section 11. The application form described in Article IV, Section 2.a.(l) shall be accompanied by a fee of.$425.00.
Section 12. For an Application for Admission to The Florida Bar filed in a defective condition as described in Article IV, Section 1, the applicant shall pay a fee of .$250.00.
Section 13. Requests for copies of the application forms for admission to the General Bar Examination and for admission to The Florida Bar filed by persons other than students matriculating at the law schools within the State of Florida, the deans and librarians of such Florida law schools, and any other persons to be designated by the Board, shall be accompanied by a fee of $50.00. Any person having paid this fee shall have a like amount deducted from any application fee which is paid within 1 year from the receipted date of the payment of this fee.
Section 14. Each request for a copy of any document or portion thereof, except for Form No. 1, Application for Admission to The Florida Bar, filed by an applicant in the course of such applicant’s seeking admission to the General Bar Examination or The Florida Bar or for any certificate of the Board shall be accompanied by a fee of $25.00 for the first page and $.50 for each additional Page-
Section 15. Each request for a copy of the Form No. 1, Application for Admission to The Florida Bar, shall be accompanied by a fee of $35.00.
Section 16. Any applicant called for an investigative hearing shall pay a fee of $80.00.
Section 17. Any applicant called for a formal hearing shall pay a fee of $300.00,
Section 18. Applicants seeking postponement of an investigative hearing shall be permitted to do so for good cause and if a written request of postponement is accompanied by $50.00 if such request is received at least 15 days prior to the hearing and by $75.00 if such request is received less than 15 days before the hearing.
Section 19. Applicants seeking postponement of a formal hearing shall be permitted to do so for good cause and if a written request of postponement is accompanied by:
a. $100.00 if such request is received between 45 and 31 days prior to the hearing; or
b. $200.00 if such request is received between 30 and 15 days prior to the hearing; or
c. $300.00 if such request is received less than 15 days before the hearing.
Section 20. The cost of a transcript or any record or document reasonably required by the Board in the conduct of investigative or adjudicatory functions into the character and fitness of an applicant or a registrant shall be paid by such applicant or registrant.
Section 21. A petition for reconsideration as provided under the provisions of Article III, Section 4,a. shall be accompanied by a fee of.$125.00.
Section 22. Petitions for reconsideration of an administrative ruling of the Board not covered by Article III, Section 4 and petitions relating to or involving a suspension or waiver of any rule, regulation or order shall be accompanied by a fee of . $50.00.
Petitions for reconsideration shall be filed with the Board within 60 days after receipt of written notice of the Board’s action.
Section 23. Fees for late filing for admission to the General Bar Examination as provided under Article VI, Section 5 herein shall be:
a. as provided by Article VI, Section 5.a. .$100.00.
*391 b. as provided by Article VI, Section 5.b. .$275.00.
c. as provided by Article VI, Section 5.c. .$525.00.
d. as provided by Article VI, Section 5.d. .$1000.00.
Section 24. Fees for postponement of admission to the General Bar Examination as provided under Article IV, Section 7 herein shall be:
a. as provided by Article IV, Section 7.a. .$75.00.
b. as provided by Article IV, Section 7.b. .$150.00.
Section 25. The release of impounded grades as provided for by Article III, Section l.a. shall be accompanied by a fee of .$100.00.
Section 26. For each examination administration entered after the first which must be paid by the deadlines prescribed in Article VI, Section 8, a fee of. $375.00.
The term “administration” refers to any one of the two annual presentations specified under Article VI, Section 4. The second presentation entered, whether to repeat a part or parts of the examination or attempt a part or parts of the examination for the first time, requires payment of this fee.
Section 27. The examinees using a typewriter to complete answers to the essay portions of the General Bar Examination shall pay a fee of.$100.00.
Section 28. The Board shall honor requests received in -writing for copies of the essay-type questions which appeared on a previously administered General Bar Examination. Each such request shall be accompanied by a fee of.$25.00.
Section 29. Each request from an applicant for a copy of such applicant’s answers to essay-type questions from a single General Bar Examination shall be accompanied by a fee of.$50.00.
Section 30. Upon a showing of actual or anticipated extraordinary expenditures by the Board, the Court may order any applicant or registrant to pay over to the Board additional sums including Board attorney’s fees or compensation necessary in the conduct of an inquiry and investigation into the character and fitness and general qualifications of such applicant or registrant including the procurement and presentation of evidence and testimony at a formal hearing held in response to Specifications.
RATIONALE:
The proposed rule amendment reorganizes Article V into groupings of related provisions. The proposal also includes a general increase for all fees assessed by the Board.
The Board’s last fee increase was effective November 1, 1991. Prior to 1991, the last fee increase was effective October 1, 1986. At the time of the 1991 increase, the Board anticipated that another fee increase would not be required for five years. The Board’s income and expenses during the current five-year plan require an increase in fees to be effective October 1,1995.
Regarding income, the 1991 five-year plan failed to achieve the Board’s expectations. In fact, at the end of the third year, income was down $514,000. Contributing factors to the lower than expected income include the following: 1) delayed implementation of the 1991 fee increase by one month (estimated loss of income of $100,000); 2) reduced number of applications (2,980 planned applications per year versus 2,789/2,956/2,849 applications actually received during the first three years); and 3) reduced number of practicing attorney fees at $1,200 (636 planned per year versus 517/520/509 actually received during the first three years).
In submitting its 1994-95 budget, the Board notified the Court of this shortfall. As stated by the Board:
A fee increase will therefore be required during the fifth year (1996) of the plan rather than at the end of that year. The Board plans to address this situation in the Spring of 1995 and send the Court a proposal for approval at that time.
Although the Board strives to fulfill the Court’s mandate of protecting the public in the most economical manner, the Board has been unable to make up the income shortage because of higher than expected expenses in *392 several areas. First, the Board’s caseload of hearings has increased remarkably during the last five years. Investigative hearings for 1993-94 were up 55% from 1989-90 (325 versus 209). Even more significant, formal hearings were up over 100% from 27 in 1989-90 to 56 in 1993-94.
To meet its increasing caseload, the Board requested assistance from the Court in late 1993. In response to the Board’s recommendation, the Court adopted an emeritus program by which retired Board members are authorized to sit on investigative and formal hearing panels. Amendment to the Rules of the Sup.Ct., 630 So.2d 576 (Fla.1994).
As a result of the successful implementation of the emeritus program, the Board is managing its caseload in a timely manner. Yet, the Board is incurring additional travel costs and expenses associated with the use of emeritus members in addition to other administrative costs (e.g., meeting rooms and court reporters) associated with the increased number of hearings. The Board does not anticipate a decline in the number of hearings during the next five-year period. As set forth in Exhibit “A” attached hereto, the numbers of investigative and formal hearings held during the first eight months of 1994-95 approximate the numbers for the same period for 1993-94.
Other higher-than-expected expenses include the costs associated with the Board’s compliance with the Americans with Disabilities Act (ADA). Since January 1992 (the effective date of Title II of the ADA), the Board has accommodated (without cost to the applicants) 133 disabled examinees at the twice yearly administration of the bar examination. The Board has also incurred significant costs associated with federal ADA litigation. Additionally, the Board relies heavily upon the U.S. Postal Service and there have been two postage rate increases during the last four years.
Lastly, the Board moved into, its much-needed and new administrative offices in July 1994. Although the Board’s new administrative building was constructed on time and within budget, there is the added cost of repayment of the construction loan and the continuing expenses for operation and maintenance of the much larger and more modern facility.
The proposed fee schedule being recommended by the Board compares favorably to the schedule of fees applicable to most bar applicants in 1955 when the Board was created. A chart illustrating such comparison by relying upon actual and deflated dollars for application fees for the period of 1955-1995 is attached hereto as Exhibit “B.” As seen in Exhibit “B,” the proposed fees for student applicants ($375), other non-registered applicants ($875) and the first tier of practicing attorneys ($1300) will actually be lower than the fees charged those same classes of applicants in 1955 when adjusted for inflation.
The proposed fee schedule will also enable the Board to maintain a five-year plan for budgeting purposes. As set forth in Exhibit “C” attached hereto, the Board anticipates a modest but fiscally sound surplus at the end of the five-year period. Such surplus will be available to meet lower-than-expected income or higher-than-expected expenses or as a carryover for the next five-year cycle.
As it has in the past, the Board continues to explore and implement means by which the Board can effectively fulfill its mission in the most cost efficient manner. Cost-saving measures must not, however, take precedence over protecting the public as mandated by the Court.
Article VI, section 5 as it will appear:
Section 5. Timely applications for admission to the February administration of the General Bar Examination shall be postmarked or received not later than November 15 prior to the examination.
Timely applications for admission to the July administration of the General Bar Examination shall be postmarked or received not later than May 1 prior to the examination.
Applicants seeking late filing into a General Bar Examination shall be permitted to do so upon payment of an additional fee of:
a. $75.00 $100.00 as specified under Article V, Section 4⅝ 23.a., for those applications postmarked or received on or before *393 December 15 for the February examination, and for those applications postmarked or received on or before June 1 for the July examination;
b. $225=00 $275.00 as specified under Article V, Section 4⅜ 23.b., for those applications postmarked or received on or before January 15 for the February examination, and for those applications postmarked or received on or before July 1 for the July examination;
c. $450.00 $525.00 as specified under Article V, Section 4⅝ 23.c., for those applications received on or before February 15 for the February examination and for those applications received on or before July 15 for the July examination,;
d. $850.00 $1000.00 payable by certified check, cashier’s check or money order as specified under Article V, Section 4⅜ 23.d., for those applications received after February 15 for the February examination and after July 15 for the July examination.
If a deadline prescribed by this rule shall fall on a Saturday, Sunday, or holiday, then the deadline shall be extended until the end of the next day that is neither a Saturday, Sunday, nor holiday.
Applications for admission into the Multi-state Professional Responsibility Examination (MPRE) shall be filed with the agency administering that examination within the time limitations set by that authority. The Multistate Professional Responsibility Examination (MPRE) is currently administered in March, August and November of each year. RATIONALE:
The proposed rule amendment would increase the fees applicable to untimely applications for admission to the bar examination. Please see the rationale under Article V above for justification of the Board’s proposed fee increases.
Article VI, section 8 as it will appear:
Section 8. Every qualified applicant who desires to repeat any part of the General Bar Examination shall file an Application for Admission into the General Bar Examination on a form prescribed by the Board and such application shall be accompanied by a fee of $310.00 $375.00 as prescribed under Article V, Section 43 26 and shall be filed in the Board’s office within the deadlines as specified under the provisions of Article VI, Section 5, as they pertain to the examination which such applicant desires to take.
RATIONALE:
The proposed rule amendment would increase the fees applicable to applicants desiring to repeat any part of the examination. Please see the rationale under Article V above for justification of the Board’s proposed fee increases.
Article VI, section 9 as it will appear:
Section 9.
a. An applicant must successfully complete the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) within 25 months of the date of the administration of any part of the examination which is passed. Should an applicant fail to pass ail parts within 25 months of first passing any part, passing score(s) of individual parts older than 25 months are deleted.
b. The Application for Admission to The Florida Bar must be filed no later than 480 90 days from the date of notice that success has been attained on both the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE). Failure to comply with such filing deadlines will result in required reapplieation for admission to the Florida Bar Examination and successful completion of all of the examination. RATIONALE:
The proposed rule amendment implements the reduced time period for filing a bar application following successful completion of the bar examination. For the rationale for such reduction, please see Article IV, Section 1 above.
[On Motions for Rehearing and Clarification]
PER CURIAM.
The Florida Board of Bar Examiners (the Board) has filed motions for rehearing and clarification relating to our recent opinion amending the Rules Relating to Admissions *394 to the Bar. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution, and grant both motions.
The motion for rehearing requests rewording of article Y, section 19 to correct errors in the text as originally submitted by the Board. The motion is granted in order to clarify the three time periods for escalating fees when an applicant seeks postponement of a formal hearing. No fees will be assessed if the request for postponement is received more than forty-five days prior to the hearing. Section 19 is amended as indicated in the attached Appendix.
The Board also requests that we clarify the effective date of the increased fees contained in the amended rules. In our original opinion we indicated that the fees shall be applicable to all applications postmarked after April 1, 1996. We now clarify that fees which are unrelated to the filing of an application shall be assessed under the new fee schedules if the event to which the fee applies occurs after April 1, 1996. For example, an application postmarked before April 1, 1996, will be assessed the old application fee. However, if that applicant should appear for an investigative hearing after the April 1,1996, deadline, the new fee governing such a hearing would apply.
Accordingly, we amend our earlier opinion and the rules as indicated above.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
Article V, section 19 as it will appear:
Section 19. Applicants seeking postponement of a formal hearing shall be permitted to do so for good cause and if a written request of postponement is accompanied by:
a. $100.00 if such request is received between 45 and 31 days prior to the hearing; or
b. $200.00 if such request is received between 30 and 15 days prior to the hearing; or
c.$300.00 if such request is received less than 15 days before the hearing.

. Article I, section 24 of the Florida Constitution, which was adopted in 1992, affords access to public records and meetings. This provision provides in pertinent part:
(a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.